FULLER AND McDONALD v. LUCIEN SCOTT, *et al.*

1. CONTRACT—*Indorsement in blank; Guaranty.* The indorsement of the name of a third person in blank upon the back of a promissory note is *prima facie* evidence of a contract of guaranty.

2. ——— *Authority of holder.* Such an indorsement gives to the holder of the note full authority to fill up the blank at any time before or during the trial, with the implied contract of guaranty, unless the same is inconsistent with the understanding of the parties.

3. CONSIDERATION. It is necessary that there be a consideration to support the guaranty. An agreement to extend the time of payment of the note, is a sufficient consideration to sustain the guaranty.

4. ——— *Presumption; Burden of Proof.* Such an indorsement is such a contract in writing as will import a consideration, and if the party who made the indorsement claims that there was no consideration for the guaranty, the burden of proof will rest upon him to show it, and he must show it by a preponderance of the evidence.

5. STATUTE OF FRAUDS. The said indorsement is such a contract in writing as is valid under the statute of frauds.

6. DEMAND; *Notice, etc.* The guarantor is not released from liability for want of presentment, demand and notice, unless he can show negligence in the holder of the note, and actual loss sustained by himself.

7. PRESUMPTION; *Indorsement in name of Firm.* Where an indorsement is made in the name of a firm it will be presumed, in the absence of proof to the contrary, that such indorsement was made in the firm business.

*Error from Leavenworth District Court.*

ACTION by *Lucien Scott* and *Charlotte E. Scott* against *Perry Fuller* and *Alexander McDonald*, upon an alleged guaranty of a promissory note. One McWhirt made his promissory note payable to the order of Scott, Kerr & Co. The note and indorsement are set forth in full in the opinion of the court. The petition alleged that "Perry Fuller, Alexander McDonald, T. A. DeWolf and J. C. W. Seymour, as partners, under the firm name of '*P. Fuller & Co.*,' at the time of the execution of the said note, for the consideration for which said note was given, and for divers other considerations, wrote their signatures and their firm name of 'P. Fuller & Co.,' in blank on the back of said note, and guaranteed the

2—8TH KAS.

payment thereof," etc.; that the plaintiffs were the owners and holders of said note, etc. *McDonald* answered, denying all the allegations in the petition, except the making of the note by McWhirt, and verified his answer. *Fuller* filed a separate answer, in which he alleged that no consideration passed from Scott, Kerr & Co. to himself or to 'P. Fuller & Co.' at any time, and that the signature, 'P. Fuller & Co.,' was not made until long after the date and delivery of the note, and then only at the special instance and request of Scott, Kerr & Co., and as an accommodation to them, and without any consideration.

On the trial the jury made certain special findings, showing that the note was made by McWhirt, February 8, 1866, in consideration of his own then existing indebtedness to Scott, Kerr & Co.; that the indorsement, *P. Fuller & Co.*, was not made until some time after the note had been delivered to Scott, Kerr & Co., (the particular time when made not being shown;) that such indorsement was made or written by *Alexander McDonald;* that "no consideration for such indorsement appears by evidence, except the indorsement on the note;" that the evidence in the case does not show "any agreement between Scott, Kerr & Co. and P. Fuller & Co., or any member of the firm of P. Fuller & Co., at the time the signature *P. Fuller & Co.* was placed on the note, except the indorsement" itself; that "the agreement, if any, made between Scott, Kerr & Co. and P. Fuller & Co., or any member of the firm of P. Fuller & Co.," was in writing, and consisted of the words "*P. Fuller & Co.*," indorsed on the back of the note.

During the trial the plaintiffs in open court wrote the following guaranty over the signature of "P. Fuller & Co.," to wit: "For value received we guarantee the payment of the within note, and the sum of money therein specified, according to the terms thereof." The jury found a general verdict in favor of the plaintiffs, and assessed their damages at $5,419.88. Exceptions were taken on the trial by the plaintiffs in error to certain instructions given to the jury. These instructions

are set forth in the opinion of the court. New trial refused, and judgment on the verdict. *Fuller* and *McDonald* bring the case here on error.

*F. P. Fitzwilliam,* and *Thomas P. Fenlon,* for plaintiffs in error:

1. It was error for the court to instruct the jury that "The burden of proof is upon the defendant Fuller to show that there was no consideration for, or to support, the indorsement on the note."

This instruction assumes that the indorsement was genuine. The indorsement being put in issue by the verified answer of McDonald, it was error for the court to give this instruction. Nor is it the correct rule of law, upon the facts appearing at the trial, that the burden of proof to show a want of consideration was upon Fuller. The plaintiff is required to establish the liability of the defendants before the party is required to rebut the case affirmatively made out. 2 Pars. Notes, 494; *Deland v. Bartlett,* 2 Cush., 364; *Swan v. Etting,* 32 Penn. St., 489.

The petition alleges that the defendants indorsed the note, and guarantied its payment *at the time* it was given, and in consideration thereof. To prove this the burden of proof was on the plaintiffs, and did not change in any aspect of the case. The plaintiffs, it is true, made out their *prima facie* case by the signature, "P. Fuller & Co." The defendants answer that by showing *when* the signature was made, and that no consideration passed ; but not because the law imposes the "burden of proof" on them, but only the necessity of showing that the plaintiff's *prima facie* case is not true. 1 Gr. Ev., § 74; 2 Gray, 132; 8 Cush., 605; 11 id., 345.

2. The court erred in the instruction that if there was an agreement by Scott, Kerr & Co. to extend the time of payment of the note, or an agreement that McDonald would guarantee the payment of McWhirt's indebtedness, then there was a sufficient consideration for the indorsement. There was no testi-

mony tending to show any agreement or promise on the part of McDonald to guarantee the note of McWhirt. The most that is shown by the evidence is that McDonald said to McWhirt that he would "fix" the matter at Scott, Kerr & Co.'s; not that he would *indorse* or *guarantee* the note. And if it was an agreement on the part of P. Fuller & Co. to pay the debt or become liable therefor, in consideration of a forbearance or extension of time on the part of Scott, Kerr & Co., such agreement should be in writing. 20 Wend., 201.

And mere forbearance or extension of time on the part of Scott, Kerr & Co., without an agreement on their part so to do, is not sufficient consideration for the alleged guaranty. 8 Cush., 85; 24 Maine, 177.

3. The court also erred in instructing the jury "that if McDonald wrote the signature ' P. Fuller & Co.,' on the back of the note, either at the time McWhirt made the note, or after that time, the presumption of law is that P. Fuller & Co. were to be guarantors on the note; that they undertook to guarantee its payment."

This holds that if a stranger to a note writes his name on the back of the same, after its execution and delivery to the payees, and whilst in the hands of the payees, the payees may hold him as guarantor. This has never been held in Kansas, and is against the clear weight of authority. 1 Comst., 321; 2 Pars. Notes, 122, 520; 40 N. Y., 491; 17 N. H., 593; 6 Blckf., 509; 8 Greenleaf, 213; Edw. on Bills, 259; 27 Barb., 489; 16 Ind., 236, 265; 95 E. C. L., 929; 8 Ala., 247; 23 Me., 392; 2 McLean, 553; 5 Cal., 138; 4 Duer, 45; 17 Wend., 214; 7 Hill, 416; 44 Penn. St., 142.

4. The note sued on being in form negotiable, and the signature, "P. Fuller & Co.," having been written in blank, after the delivery of the note to the payees, the contract must be treated as one of *indorsement* merely, and the party making it entitled to demand, notice, and all the rights of an indorser. 10 Ohio St., 283; 7 Hill, 416; 19 N. Y., 227; 6 Barb., 282; 13 Wis., 227; 16 Ind., 236, 265.

And in the absence of extrinsic proof of the intention of the parties, the indorsement is to be held as having been for the accommodation of the maker and *payees.* 4 Watts, 449; 28 Penn. St., 193, 447; 44 id., 142; 59 id., 144.

5. The court also erred in instructing the jury that "as against the makers thereof the contract made by placing the signature "P. Fuller & Co." on the back of the note read in evidence, and delivering the same to Scott, Kerr & Co., imports a consideration."

This *assumes* the placing the signature on the back of the note, a fact put in issue by the answer of McDonald, and which the court had no right to assume as having been done; and, as the indorsement was not made prior to the delivery to the payees, the presumption of consideration does not exist. 2 Minn., 139; 26 Maine, 177; 14 Ill., 237; 30 Vt., 339; 2 Pars. Notes, 126.

6. The court erred in instructing the jury to answer to the seventh question, thus: "I will instruct you how to answer this question: you will answer this by saying—The only written agreement between the parties is that implied by the indorsement."

This is also an assumption by the court of the province of the jury—first *assuming* there was an indorsement by the defendants, a fact in issue, and further, that a "written agreement" could be "implied."

But we maintain that if the indorsement in question constitutes a contract at all between the makers thereof and the payees of the note, it is an agreement to pay the debt of a third person, and not being in writing, expressing a consideration, is void under the statute of frauds. 26 Penn. St., 150; 34 id., 344; 48 id., 113; 59 id., 144; 7 Mo., 429; 7 Watts & S., 429; 2 Kas., 520; 14 Ill., 237; 27 id., 62; 5 Conn., 574.

7. No recovery against Fuller could be had, because the indorsement was not made in the firm business. and was not ratified by Fulle

*Clough & .Wheat*, for defendants in error:

1. McDonald *verified* his denial of the execution of the guaranty. The only issue offered, or raised by him, was made by this denial of certain allegations in the petition.

Fuller did not verify any part of his answer; and as he did not plead together with McDonald, it follows that the verification of McDonald's separate answer did not operate as a verification of Fuller's answer, or of any part thereof. Civil Code, § 110; 2 Gilman, 715. Therefore, the allegations in the petition that Fuller, McDonald, DeWolf, and Seymour, as partners, by and under the name, style and firm of P. Fuller & Co., made the alleged written guaranty, were to be taken as true as against Fuller. Code, § 108. As we understand Fuller's answer, the denials therein contained not being verified, it is in effect merely a claim that the guaranty was made by himself and co-partners, as P. Fuller & Co., without consideration.

2. If McDonald signed the name " P. Fuller & Co." it was, of course, immaterial as to *him* whether it was signed in or about the business of that firm or not, as *he* was bound by the signature made by himself, whether it was in the course of the partnership business or not. 6 Wend., 443; 1 Denio, 471, 480; 2 Bouv. Dict., title *"Name,"* 4; 13 Johns., 307. See also, Comp. L., 351, § 4; Gen. Stat., 183, § 4; Civil Code, § 396; 14 N. Y., 482; 28 id., 171; 8 Metc., 348; 15 Ind., 205; 26 id., 239.

3. The writing of the name " P. Fuller & Co." on the back of the note, whilst it was held unindorsed by the payees thereof, was *prima facie* a guaranty of the note. 2 Kas. 497; 3 Scam., 437; 31 Maine, 537; 17 N. H., 593; 14 Ill., 237; 17 id., 466; 2 Pars. Notes, 124; 4 Pick., 385; 6 Conn., 315; 18 Mo., 140; 13 Ohio, 228.

4. And such blank indorsement imports sufficient consideration to sustain the contract of guaranty. Gen. Stat. 183, § 7; 23 N. Y., 495; 29 Maine, 79; 31 id., 310; 2 Kas., 497; 39 Ill., 574; 13 Johns., 175.

5. As to the "statute of frauds," see 2 Kas., 497; 3 Hill, 584; 13 Johns., 175; 2 N. H., 413; 7 Mass., 235; 4 Pick., 387; 2 N. Y., 225; 21 id., 336.

6. Where a party, not the payee, writes his name in blank on the back of a note, the presumption is that he did so for the same consideration for which the note was made. 14 Ill., 237; 17 id., 465; 30 Me., 310; 9 Cush., 104; 15 Penn. St.. 27; 2 Pars. Notes, 125.

7. The instructions of the court in relation to forbearance, etc., being a sufficient consideration, were correct. 1 Pars. Cont., 440, and notes.

8. Defendants in error had the right to fill up the blank indorsement *at the trial* with the guaranty contract implied from the transaction. 2 Kas., 497, 498; 17 Ill., 466; 41 id., 413; 13 Johns., 175.

9. And the copy of the note, and blank indorsement filed with the petition, was a sufficient compliance with the requirements of the code about filing a copy. 40 Ill., 359, 361.

10. It was not necessary that there should be any consideration between Scott, Kerr & Co. and P. Fuller & Co. to support the guaranty. Edw. on Bills, 224, 225; 1 Chitty on Pl., 4 and 4*a*, and notes; 10 Johns., 412; 18 id., 12; 4 Cowen, 432; 10 Pick., 147; 10 Wend., 461; 2 Denio, 45. See also the case of *Morely v. Boothby*, 3 Bing., 113, (11 E. C. L., 63,) where it is said by Best, C. J.: "No court of common law has ever said that there should be a consideration directly between the persons giving and receiving the guaranty."

11. Neither demand of payment, nor notice to the guarantors, was necessary. 2 Kas., 527; 18 Ill., 548; 39 id., 574; 36 N. H., 73; 20 Johns., 365; Hill & Denio Sup., 237; 6 Conn., 315; 2 N. Y., 225; 10 Wend., 376.

The opinion of the court was delivered by

VALENTINE, J.: This was an action upon an alleged guaranty of a promissory note. The note reads as follows:

Fuller v. Scott.

"$4,208.21.                         LEAVENWORTH, Feb. 8th, 1866.

On the first day of May, after date, I promise to pay to the order of Scott, Kerr & Co. four thousand two hundred and eight and $\frac{21}{100}$ dollars, at their office, value received. J. T. McWHIRT."

The note was indorsed as follows: "P. FULLER & Co."

The defendants below, Perry Fuller and Alexander McDonald, who are now plaintiffs in error, were members of the firm of "P. Fuller & Co." The plaintiffs below, Lucien Scott and Charlotte S. Scott, (defendants in error,) are the owners of said note. The said indorsement was made after the note was delivered to Scott, Kerr & Co..

Many exceptions were taken to the rulings of the court below, and many errors are assigned in this court; but we should judge from the brief of the counsel for plaintiffs in error that all the supposed errors of the court below are now abandoned, except certain errors claimed to have been committed by the court in charging the jury. We decide the questions raised upon these instructions as follows:

*First.* The indorsement of the name of a third person in blank upon the back of a promissory note is *prima facie* evidence of a contract of guaranty. (See cases cited in brief of counsel for defendants in error.)

1. Indorsement; guaranty.

*Second.* Such an indorsement gives to the holder of the note full authority to fill up the blank at any time, before or during the trial, with the implied contract of guaranty, unless the same is inconsistent with the understanding of the parties. (2 Kas., 497, 525; 6 Conn., 315; 17 Ill., 459, 466; 41 Ill., 411, 413; 13 Johns., 175.)

2. Authority of holder.

*Third.* It is necessary that there be a consideration to support the guaranty. An agreement to extend the time of payment of the note is a sufficient consideration to sustain the guaranty.

3. Consideration.

*Fourth.* Such an indorsement is such a contract in writing as will import a consideration; (Comp. Laws, 351, §§ 6, 7; Gen. Stat., 183, §§ 7, 8;) and if the party who made the indorsement claims that there was no consideration for the guaranty, the burden of the proof will rest upon him

4. Burden of proof.

to show it, and he must show it by a preponderance of the evidence.

*Fifth.* The said indorsement is such a contract in writing as is valid under the statute of frauds. (7 Mass., 233; 4 Pick., 385, 387; 11 Mass., 436; 13 Johns., 175; 1 Hall, 336; 11 Conn., 213, 229; 2 Hill, 663; 2 Kas., 497; 2 N. Y., 226.)

> 5. Statute of frauds.

*Sixth.* The guarantor is not released from liability for want of presentment, demand and notice, unless he can show negligence in the holder of the note, and actual loss sustained by himself. (2 Pars. on Notes, 137 and note *b*, and cases there cited.)

> 6 Demand, notice, etc.

II. There was no evidence tending to prove that the said indorsement was not made in the firm business of P. Fuller & Co.; but on the contrary, all the evidence on the subject tended to prove that it was made in such firm business. But even if there had been no evidence upon the subject, when it was admitted by Fuller, and proved against McDonald, that said firm indorsed said note, it would then be presumed that such indorsement was made in the firm business.

> 7. Indorsement by firm; presumption.

III. It is claimed that the court below erred in charging the jury as follows:

"The burden of proof is upon the defendant Fuller to show that there was no consideration for, or to support, the indorsement on the note."

This instruction under the pleadings we think was correct. The plaintiffs below alleged in their petition that the said P. Fuller & Co. indorsed said note. Fuller in his answer did not deny said allegation, but substantially, if not in positive terms, admitted it. Therefore, under the pleadings, it must be held that P. Fuller & Co. indorsed said note, and presumed they indorsed it as guarantors, and upon a sufficient consideration. If Fuller claimed that the indorsement was made without a sufficient consideration, it devolved upon him to show it.

> Indorsement; character of; consideration.

It is also claimed that the court erred in instructing the jury as follows:

" If the indorsement on the note was made without any consideration therefor, then the defendants are not bound thereby, and you should find a verdict in their favor. But if the indorsement was made by McDonald upon and in pursuance of an agreement between McWhirt and Scott, Kerr & Co., that they (Scott, Kerr & Co.) would extend the time of payment of an indebtedness, then due and existing from McWhirt to them, (Scott, Kerr & Co.,) upon the condition that the firm of P. Fuller & Co. would guarantee the payment of such indebtedness, and Scott, Kerr & Co. did extend the time of payment in accordance with such agreement, then there was a sufficient consideration to support the indorsement. Or, if McWhirt, being indebted to Scott, Kerr & Co., furnished the firm of J. T. McWhirt & Co., of which McWhirt and the defendant McDonald were members, four thousand dollars or upwards, upon the consideration or agreement that McDonald would guarantee the payment of McWhirt's indebtedness to Scott, Kerr & Co., and McDonald, in consideration of the money so furnished to the firm of J. T. McWhirt & Co., did indorse the note sued on, then this was a sufficient consideration to support his indorsement."

We perceive no error in this instruction. It embodies the law upon the subject, and the evidence in the case clearly made it relevant and applicable. It says there must be a consideration for the indorsement, but that this consideration may be an agreement to extend the time of payment of the note; and that if P. Fuller & Co. were parties to the indorsement, it would bind them; but if instead of " P. Fuller & Co." it was *McDonald alone* who indorsed the note, the indorsement would bind him.

It is also claimed that the court erred in instructing the jury as follows:

" The law presumes as against the defendant Fuller that the indorsement was made upon a sufficient consideration, and the burden is on him to show the contrary; and if the testimony shows that McDonald indorsed the note, then the law also presumes as against him that his indorsement was for a sufficient consideration."

We have already considered the principle embodied in this

instruction, so far as it applies to Fuller. We shall now consider it with reference to McDonald. McDonald, who answered separately, denied in his answer that P. Fuller & Co. indorsed said note, and hence, of course, as between the plaintiffs and McDonald, it devolved upon the plaintiffs to prove that P. Fuller & Co. made the indorsement. They held the affirmative of that issue, and the burden of proving it of course rested upon them through the entire trial. And the court below, in said instruction, says nothing to the contrary to this. The court in substance simply says that proof that McDonald indorsed the note is some evidence that there was a sufficient consideration; or rather that such indorsement is *prima facie* evidence of a sufficient consideration, and that after this *prima facie* case is made out by the plaintiffs against McDonald, it then devolves upon him to show, by a preponderance of the other evidence, that there was no consideration for the indorsement. This we think is correct. Upon the pleadings it devolves upon the plaintiffs to prove by a preponderance of the evidence that McDonald indorsed the note, and that there was a consideration for such indorsement, and the burden of proving this was upon the plaintiffs all through the trial. But after the plaintiffs proved the indorsement, and therefore *prima facie* proved the consideration therefor, it then devolved upon McDonald to remove this *prima facie* presumption in favor of a consideration by other evidence. But if the weight of the other evidence tended to prove (as in part we think it did) a sufficient consideration, then of course this presumption is strengthened. If the other evidence was equally balanced, in favor of and against this presumption, then it leaves the presumption just as it was before, and the plaintiffs would still be entitled to a verdict. Hence it must take a preponderance of the other evidence in order to remove this presumption, or to entitle McDonald to recover; and therefore the burden of proof in fact (although perhaps counsel would have us call it by some other name) rested upon McDonald to remove the presumption of consideration arising from his indorsement of said note, from the time said indorsement was proven.

It is also claimed that the court erred in instructing the jury as follows:

"If the indorsement was made by McDonald at the time of the making of the note by McWhirt, or at any time subsequent thereto, the law presumes an engagement on the part of the defendants of the same nature as the undertaking written by the counsel during the trial on the back of the note above the indorsement; but this presumption would not be conclusive, but could be rebutted by evidence, showing an intention on the part of the defendants not to sustain the relation of guarantors to the note, but some other relation."

The undertaking mentioned in the foregoing instruction is as follows: "For value received, we guarantee to Scott, Kerr & Co. the payment of the within note and sum·of money therein specified, according to the tenor thereof." And upon this same subject the court further instructed the jury as follows:

"I have already said to you that if McDonald wrote that signature, '*P. Fuller & Co.*' on the back of the note, either at the time McWhirt made the note, or after that time, the presumption of the law is that P. Fuller & Co. were guarantors on the note; that they undertook to guarantee its payment."

The objection to these instructions is that they declare that the simple indorsement of the name, "P. Fuller & Co.," upon this note is presumptive evidence that the firm of "P. Fuller & Co." were guarantors. We do not think the objection is well taken. As we have before stated, we think that said indorsement is *prima facie* evidence that the parties thereto are guarantors.

It is also claimed that the court erred in instructing the jury as follows:

"As against the makers thereof the contract made by placing the signature 'P. Fuller & Co.' on the back of the note read in evidence, and delivering the same to Scott, Kerr & Co., imports a consideration."

There is nothing objectionable in this instruction. The principle involved in it we have heretofore considered.

The jury were required to make special pleadings of fact. The seventh question upon which they were to find was as follows: "If any agreement was made between Scott, Kerr & Co.

and P. Fuller & Co., or any member of the firm of P. Fuller & Co., was that agreement in writing?" Upon this question the court instructed the jury as follows: "I will instruct you "how to answer that question: You will answer it by saying "the only written agreement between the parties is that im-"plied by the indorsement." But by consent of counsel for all the parties the jury, instead of answering as the court instructed them, answered the question as follows: "Yes; the writing 'P. Fuller & Co.' on the back of the note." It is claimed that the court erred in giving the foregoing instruction, and the plaintiffs in error ask to have the judgment reversed for that reason. We perceive no error. It may be well enough, however, to state that another question was submitted to the jury to determine who indorsed said note. The question was as follows: "By whom was the signature 'P. Fuller & Co.' written?" The jury answered, "By Alexander McDonald." The only object desired by putting question number seven to the jury was to have a finding as to how much of the contract (if any existed) was *in writing;* and on this question there was no evidence tending to show anything different from what the court instructed the jury to find.

We have considered all the questions presented to us, and we cannot say that the court below committed any error. Upon some of the questions we have doubts; upon some of them the authorities are conflicting, and able opinions may be found on both sides of the question. We think, however, that we have decided all the questions in accordance with the weight of the authority. The judgment of the court below is affirmed.

KINGMAN, C. J., concurring.

BREWER, J., not sitting in the case.