WILLARD G. WITHERS v. HARRISON BERRY.

PROMISSORY NOTE; *Guarantor, When Discharged.* Where W., who apparently has no connection with the promissory note in question, sells and assigns the same before due, and indorses his name thereon in blank, and he is the first and only indorser of the note, and afterward he is sued thereon by the person to whom he sold the same, and he sets up the following defense: that he sold and assigned the note before due, and indorsed the same as guarantor, and that at the time he sold the same, and at the time that the same became due, the maker thereof was perfectly solvent, and the note could have been collected from him by the exercise of reasonable diligence, but that afterward the maker became insolvent, and that no notice was given to the defendant of the non-payment of the note until nearly four years had elapsed after the same became due, and was then given at a time when the note could not be collected from the maker because of his insolvency, *held,* that the defense was sufficient; that want of due diligence on the part of the guarantee will discharge the guarantor to the amount of the loss sustained.

*Error from Chautauqua District Court.*

ACTION brought by *Berry* against *Withers* and three others, upon a promissory note. The facts appear in the opinion. At the March Term, 1880, the court sustained a demurrer to the answer of the defendant *Withers,* who brings this ruling here.

*John C. Cannon,* for plaintiff in error.

*J. D. McBrian,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Harrison Berry against H. S. Foster, Aaron Lamb, Runey Martindale and Willard G. Withers, on a promissory note for $30, dated April 16, 1875, due August 21, 1875, and was executed by H. S. Foster, Aaron Lamb and Runey Martindale, to Quinton Withers. The petition alleges that the note was sold and transferred before due by Quinton Withers to Willard G. Withers. It does not, however, appear to have been indorsed by Quinton Withers. The petition also alleges that Willard

G. Withers sold and transferred the note before due to the plaintiff, Harrison Berry; and it appears that Willard G. Withers indorsed the note in blank. The defendant Willard G. Withers filed an answer, which reads as follows:

"The defendant W. G. Withers, for an amended answer to plaintiff's petition, denies each and every material allegation therein contained, except what may be hereinafter admitted.

"The defendant further answering said petition, says that prior to said note in the petition mentioned becoming due and payable, he sold and delivered the note to plaintiff, and signed the same as guarantor.

"Defendant further answering plaintiff's petition, says that said note became due and payable on the 21st day of August, 1875.

"Defendant further answering, says that there was but one of the original parties to said note who was solvent at the time it became due and payable, and that plaintiff well knew that one Aaron Lamb was the only one of the original makers of the note who was solvent at the time of said sale and transfer by defendant to plaintiff.

"Defendant further answering, says that plaintiff did not give him any notice of the non-payment of said note until sometime in the month of April, 1879, and that at that time the said Aaron Lamb had left the state of Kansas and become insolvent, and that all of the original makers of the note were at that time insolvent.

"Defendant further answering, says that if plaintiff had used due diligence in suing upon said note, or had given notice to defendant of the non-payment of the note prior to said Aaron Lamb's leaving the state and becoming insolvent, he, the defendant W. G. Withers, could have saved himself from loss of the payment of the note mentioned; but that by reason of said neglect to sue or give notice to defendant before the said Aaron Lamb left the state and became insolvent, the defendant is unable to save himself from the loss of said sum in the note mentioned.

"Defendant, further answering, says that, by reason of said want of demand and due notice to defendant Withers, plaintiff ought not to recover of him, the defendant, W. G. Withers.

"Wherefore he prays that said cause may be dismissed as to him, and that he may recover his costs herein expended."

The plaintiff demurred to this answer, upon the ground that it did not state facts sufficient to constitute any defense

to the plaintiff's petition. The court below sustained the demurrer, and the defendant, Willard G. Withers, standing upon his answer, the court below rendered judgment in favor of the plaintiff and against the defendant for $39.50 and costs. And of this judgment the defendant Withers, as plaintiff in error, now complains.

We think the court below erred in sustaining the demurrer to the defendant's answer. The defendant did not, by selling and transferring the note, and by indorsing his name thereon, create an absolute liability against himself, but only a conditional liability. If Quinton Withers had indorsed the note prior to the indorsement by Willard G. Withers, the liability of Willard G. Withers would be that of an ordinary indorser. But as Quinton Withers did not indorse the note, and as Willard G. Withers, who apparently had no connection with the note, was the first indorser thereon, his liability was, *prima facie*, that of a guarantor. (*Firman v. Blood*, 2 Kas. 497; *Fuller v. Scott*, 8 Kas. 25.) His guaranty was, that he would pay the note upon condition that it could not be collected from the makers by the exercise of reasonable diligence. The defendant also alleges in his answer that he was a guarantor; and he shows by his answer that the note might have been collected by the exercise of reasonable diligence, but that the plaintiff failed to collect it through negligence and a want of diligence. And he further shows that at the present time all the makers are insolvent. Under such circumstances, we think that Willard G. Withers is discharged from all liability on the note. A want of due diligence on the part of the guarantee will discharge the guarantor to the amount of the loss sustained. (2 Daniel on Neg. Inst., p. 662, *et seq.*, §§ 1787, 1788; 2 Parsons on Notes and Bills, 136, *et seq.*; 8 Kas. 25.)

The judgment of the court below will be reversed, and the cause remanded with the order that the demurrer to the answer be overruled.

All the Justices concurring.