THE GARDEN CITY NATIONAL BANK, *Appellee,* v. S. SCHULMAN, *Appellant.*

No. 17,878.

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Guaranty in Name of Partnership—Presumptions.* In an action upon a written guaranty in the name of a trading partnership indorsed on the back of the promissory note of a third person, it will be presumed, until proof to the contrary is produced, that the guaranty was made in the course of the firm's business.

2. ———— *Guaranty—Subsequent Ratification.* The subsequent ratification by one partner of the unauthorized act of his copartner in guaranteeing in the firm name payment of a note of a third person is equivalent to antecedent authority.

Appeal from Finney district court. Opinion filed April 12, 1913. Affirmed.

*W. R. Hopkins,* and *R. J. Hopkins,* both of Garden City, for the appellant; *Abram Schulman,* of Garden City, of counsel.

*Albert Hoskinson, R. W. Hoskinson,* and *Edgar Foster,* all of Garden City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action in the district court was one for the recovery of money brought by the Garden City National Bank against S. Schulman. Judgment was rendered for the plaintiff and the defendant appeals.

The petition was filed on May 10, 1910, and disclosed the following facts: The plaintiff is a banking corporation organized under the laws of the United States. Previous to March 23, 1908, S. L. Leonard and the defendant were partners engaged in trade, conducting a hardware and implement business under the firm name of Leonard & Schulman. On the date last mentioned the partnership was dissolved by the retirement of Leonard. Schulman continued the business, assuming all the firm liabilities. On March 20, 1906, George B. Warner and G. G. Baker executed to the plaintiff their promissory note for $500 due in four months. On the same day the firm of Leonard & Schulman indorsed on the note the following guaranty:

"For value rec'd we guarantee payment, waiving notice and protest.     Leonard & Schulman."

In that form the note was negotiated and delivered to the plaintiff, who loaned Warner and Baker the sum of $500 thereon. The plaintiff was the owner and holder of the note and no part of it had been paid.

The defendant moved to require the plaintiff to make the petition more definite and certain by stating whether or not the articles of partnership between Leonard & Schulman authorized the indorsement on the note; whether or not the indorsement was authorized by the members of the firm; who signed the firm name to the guaranty; and what the consideration for the guaranty was. The defendant complains because this motion was overruled.

The nature of the plaintiff's cause of action was perfectly apparent. The defendant was sued as a member of the firm of Leonard & Schulman on the written

contract of the firm guaranteeing the payment of the Warner and Baker note. The defendant knew better than the plaintiff who signed the firm name to the guaranty and whether or not the action of the partner signing the firm name was authorized by the articles of partnership or by the defendant. It is the law of this state that where a guaranty in the name of a trading partnership is indorsed on the back of the promissory note of a third person it is presumed, in the absence of proof to the contrary, that the indorsement was made in the course of the firm's business. (*Fuller v. Scott,* 8 Kan. 25.) The guaranty being in writing imported a consideration. *Prima facie,* therefore, the petition disclosed liability on a binding obligation of the firm of Leonard & Schulman, and of the defendant as a member of that firm, and it devolved upon him to plead and prove unauthorized use of the firm name, and want of sufficient or proper consideration, if those were his defenses.

The petition also contained an allegation that the defendant repeatedly promised to pay the Warner and Baker note, and the defendant moved to require the plaintiff to make the charge more definite and certain by stating whether or not these promises were oral or in writing. The motion was well founded. The defendant would not be liable on his own independent promise to discharge Warner's and Baker's indebtedness unless the promise was in writing, based upon sufficient consideration, and the nature of his supposed liability was not apparent from the statement of the petition. This matter, however, became of no consequence because it clearly appears that the defendant suffered no embarrassment in making his defense and because the judgment against him was finally rested upon other grounds.

A demurrer to the petition raised substantially the same questions presented by the motion to make more

definite and certain and consequently was properly overruled.

The defense was that the guaranty was given by Leonard, without the consent or authority of the defendant, as an accommodation to Warner and Baker. The jury found specially that the defendant ratified the guaranty.   It is argued that the evidence was insufficient to warrant a finding of ratification.

Warner and Baker were partners.   Baker died and the partnership estate was administered in the probate court.   The plaintiff presented a claim in writing against the estate for the amount of the note, to which a copy of the instrument was attached, but retained the note in its possession.   When called upon to pay the note the defendant said it was given wherein there was an estate and that he would like to have the bank wait until he could get the estate settled before paying.   The cashier said he thought the note had run long enough and should be settled, but the defendant finally showed that he had a trade on hand the bank knew of and that he could get the money out of the estate and that he would pay it.   A question arose concerning interest in another matter, but the defendant said that in this matter he would not ask for a reduction of interest but would pay in full.   He only wanted time until he could realize out of the property.   The defendant had several conversations with the cashier of the bank with reference to the note, and in one of them he said he desired to take the note, together with another note given by Warner and Baker to Leonard & Schulman and held as collateral security to the first one, and file them with the probate court.   On June 10, 1908, he gave a receipt to the bank for the notes, took them away with him, and took them to the probate court.   He did not return the notes to the bank, and the plaintiff's cashier found the one in suit on file in the probate court shortly before the trial.   The defendant filed a claim against the Warner and Baker estate for the note held by the

bank as collateral security, and the defendant himself testified that the firm was financially interested in the transaction out of which the note in suit arose. While the defendant's testimony was quite at variance with that of the cashier of the bank in many particulars, the jury has resolved the conflict in the plaintiff's favor. The finding of ratification is abundantly sustained, and it is elementary that the subsequent ratification by one partner of an unauthorized act of his copartner is equivalent to previous authorization. The jury were properly instructed on the subject of ratification.

In view of the foregoing a consideration of other errors assigned would be superfluous.

The judgment of the district court is affirmed.