[No. 5227.]

## THE FARMERS' AND MECHANICS' BANK OF SAVINGS *v.* ANDREW CHRISTENSEN et al.

Answer to Complaint.—An answer to a complaint on a promissory note, which denies that the note remains unpaid, and that anything remains due thereon, raises an issue which devolves on the plaintiff the *onus* of proving non-payment, by production of the note or otherwise.

Idem.—An answer to a complaint on a note which avers that the note was satisfied on the day it became due by payment to the original holder without notice of any assignment, raises an issue, even if the suit is brought by an assignee.

Appeal from the District Court, Seventh Judicial District, County of Solano.

Action on the following note:

"$708.90.

"Nine months after date, for value received, I promise to pay to J. C. Merithew, or order, the sum of seven hundred and eight and 90-100 dollars in United States gold coin, together with interest thereon at the rate of one and one-half per cent. per month from the date hereof until paid, said interest payable quarter yearly.

  " (Signed)       ANDREW CHRISTENSEN.
  "(Dated) San Francisco, Oct. 17, 1873."

The payor gave the payee a mortgage on a tract of land to secure the note. The plaintiff also sought to enforce the lien of the mortgage, and averred that the payee assigned the note and mortgage to it on the ninth day of March, 1874, which assignment was recorded in the recorder's office of Solano county on the eleventh day of November, 1875, and that the plaintiff was the holder of the note and mortgage. The answer, in addition to the matters stated in the opinion, averred that on the seventeenth day of July, 1874, the defendant Christensen paid the note to Merithew, by conveying to him the land mortgaged, and that on the same day, Merithew executed to him a release of the mortgage which was recorded in the office of the recorder on the twenty-seventh of July, 1874. The suit was commenced March 15, 1876. The pleadings were verified. On motion of the plaintiff, the court rendered judgment for the plaintiff on the pleadings. The defendant appealed.

*George A. Lamont*, for the Appellant.

The respondent having failed to give either actual or constructive notice to appellant of the assignment of the mortgage prior to the payment of the debt by appellant to Merithew, has lost his security. (Civil Code, Section 2934; Hilliard on Mortgages, vol. 1, p. 581; *New York Life, etc.*, v. *Smith*, 2 Barb. Ch. 82; *Vanderkemp* v. *Stulton*, 11 Paige, 28; *Clark* v. *Jenkins*, 5 Pick. 280.)

Points decided.

*A. C. Searle,* for the Respondent.

No notice is required to be given to the mortgagor and payer of the assignment of the note and mortgage, and the authorities cited by the appellant have no application. Section 2934 of the Civil Code does not refer to a party who pays his own note, secured by mortgage, and purchases the mortgaged premises, without requiring the note to be delivered up or canceled in his presence. A party has a right to require the surrender of the note, or the indorsement thereon of payment, or a receipt exonerating the party paying written thereon, before he is obliged to pay, except in case of a lost note, when bond of indemnity is required. (Civil Code, Sec. 3137.)

By the COURT:

The answer denies that the promissory note remains unpaid and that anything remains due thereon. This denial, of itself, cast the *onus* upon plaintiff, to prove the nonpayment by production of the note, or otherwise.

The answer also avers that the note was satisfied on the day it became due, by conveyance to the payee, while he was the "holder" thereof, without any notice of the alleged prior assignment.

This denial and averment were sufficient to raise issues of fact, and the court below erred in rendering judgment for the plaintiff upon the pleadings.

Judgment reversed, and cause remanded.