| 36 | 471 |
| 44 | 595 |

HENRY RAYMOND, et al., v. J. F. McNEAL.

NOTE—*Security, Not Indorser.*  A note made by L., and payable to R. or *bearer*, was before maturity delivered to the plaintiff M. by R. in payment of a debt due to M., which R. assumed.  At the time that R. delivered the note, he placed his name thereon at the request of M., under that of L.  In this form it was received by M., the plaintiff.  *Held*, That upon the face of the note and the evidence of R. that he signed the same as security, he cannot claim to be an indorser only.

*Error from Rooks District Court.*

THE opinion states the material facts.   Judgment for plaintiff *McNeal* at the September Term, 1884.   The defendants *Raymond* and *Longley* bring the case here.

*Barnes, Reville & Selby,* for plaintiffs in error.

*C. W. Smith,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.:  This was an action on a certain promissory note, which reads as follows:

"MAY 17, 1879.—On or before the first day of September next, I promise to pay to Henry Raymond, or bearer, the sum of two hundred dollars, for value received; to draw ten per cent. after date.                    JOSEPH LONGLEY.
                                                HENRY RAYMOND."

In this form the note was received by J. F. McNeal, who was the owner and holder of the same at the commencement of this action.   When the note became due it was not paid, and McNeal gave no notice at the time to Raymond of its non-payment.   Raymond now claims that he was an indorser only upon the note, and that as no proper demand of payment was ever made of him, and as no proper notice of non-payment was ever given to him, he is discharged from all liability. It is contended that the judgment rendered against Raymond is against the evidence; and further, that the court erred in refusing to permit Raymond to show by Longley that he signed the note as indorser only.

These claims we cannot sustain.   The note in the hands of Raymond was a note against Joseph Longley only; it was payable to Henry Raymond, *or bearer;* it was negotiable by delivery; Raymond signed the note when he transferred it to McNeal, at the request of McNeal, under the name of Longley.   Upon the face of the note Raymond made himself jointly and severally liable, as maker with Longley, *to the bearer.*

In a letter dated July 30, 1879, Raymond wrote, concerning this note, to McNeal:

" I think we will be able to pay our note when due, but Mrs. Longley has not been able to get her money yet; but she tells me she has $900 that have been due over a year. She thinks she will get it by the time the note is due. I cannot let my name run as security, and will give my reasons for it; if they should lose one of those horses I sold him, I would have a fuss to get the matter fixed up; she is the one to sign the note, if she cannot get the money; and I will get it changed for you, if you write to me and say you want it done. Those horses are all right and have been all summer, only they are poor, and now is the time for me to have it fixed up. You can see that if I should let it run until spring and they should lose one of those horses, they would want me to stand part or all of the note, and I am not able to do so."

Upon the trial Raymond testified, among other things, that the note was given him by Longley, who owed him $200; that he then released Longley and turned the note over to pay McNeal for a debt that Houston, his brother-in-law, owed McNeal; that McNeal agreed to take Longley's note, if he would go security; that before the note became due, he wrote to McNeal he would not be security on the note longer than when it became due, and gave him his reasons. The letter of Raymond and his own evidence all tended to show that he signed the note as maker and not as indorser; hence the court in rejecting the evidence offered, committed no material error. Raymond evidently did not want the note renewed, and was undoubtedly eager for McNeal to press Longley for the payment thereof as soon as it became due.

Upon the evidence introduced, Raymond is liable upon the note as maker, and he is not entitled to be discharged for want of demand of payment, or want of notice of protest. (*Partridge v. Colby*, 19 Barb. 248; *Cook v. Brown*, 29 N. W. Rep. 46.)

The judgment of the district court will be affirmed.

All the Justices concurring.