E. S. LANK v. JOHN S. MORRISON.

INDORSER *Not Joint Maker.* Where the owner and holder of a promissory note after maturity sells and indorses the note, signing his name after that of the original payee, he is an indorser, and not a joint maker.

*Error from Graham District Court.*

THE opinion states the case.

*H. J. Harwi*, for plaintiff in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action on a promissory note, which reads as follows:

"$75.                    WHITFIELD, KAS., May 31, 1886.
"Ninety days after date we promise to pay to the order of R. A. McDanille seventy-five dollars, value received, with interest at 10 per cent. per annum, payable at Logan, Kansas.
                                        MRS. FRED MAHURON.
                                        JOHN S. MORRISON."

Said note is indorsed as follows, to wit: "R. A. McDanille, Jos. F. Sherer, F. M. Hart."

Mrs. Fred. Mahuron executed the note as principal, and John S. Morrison signed the note as surety. The note was given for a patent right to cure meats and vegetables. At one time Joseph F. Sherer owned the note. He gave it to

F. M. Hart, because he did not consider it of any value. Hart, while the owner and holder of the note, sold and indorsed it to E. S. Lank, the plaintiff, in the spring of 1887, in a horse trade. The trial court instructed the jury that F. M. Hart was an indorser on the note, and was entitled to a verdict in his behalf. To this plaintiff excepted. He contends that Hart's liability was that of an original maker. This court has decided otherwise. In *Swartz v. Redfield,* 13 Kas. 550, it is said: "The indorsement of a note after maturity is in effect the drawing of a new bill, payable on demand; and to hold the indorser, demand and notice of non-payment are essential." In the present case the indorsement of the note by Hart was after maturity. If he had been a stranger to the consideration of the note, and had indorsed it in blank at the time of its execution, he could be held as a guarantor. (*Firman v. Blood,* 2 Kas. 496; *Fuller v. Scott,* 8 id. 25.) Under other circumstances he might also be held as a guarantor. (*Withers v. Berry,* 25 Kas. 373.)

In support of the contention that Hart was an original maker, *Raymond v. McNeal,* 36 Kas. 471, is cited. In that case the note was made payable to Raymond or bearer, and it was shown that Raymond signed his name under that of the maker as a joint maker, and not as an indorser. That case, therefore, differs widely from this.

The judgment of the district court must be affirmed.

All the Justices concurring.