[Sac. No. 505. Department Two.—November 26, 1898.]

JOHN BRENNAN, Respondent, v. LAURA A. BRENNAN, Administratrix, et cetera, Appellant.

ACTION UPON NOTE—PROOF OF NONPAYMENT—PRODUCTION OF NOTE.—In an action on a promissory note, under a denial of the allegation of nonpayment, the production of the note in evidence for plaintiff, without any indorsement of payment thereon, is sufficient *prima facie* proof of nonpayment.

ID.—POSSESSION OF NOTE.—The possession of the note by the attorney for the plaintiff was the possession of the plaintiff.

APPEAL from a judgment of the Superior Court of Sierra County. Stanley A. Smith, Judge.

The facts are stated in the opinion of the court.

Frank R. Wehe, for Appellant.

F. D. Soward, for Respondent.

McFARLAND, J.—Action on a promissory note alleged to have been made by Thomas Brennan, deceased, to the plaintiff.

The defendant in her answer upon want of information and belief denied that Thomas Brennan executed the note; and on the same ground denied that the whole or any part thereof had not been paid, but averred upon information and belief that the sum of six hundred dollars thereof had been paid in coin, and the sum of two hundred dollars in board and lodging.

At the trial plaintiff's attorney introduced the note sued on in evidence, which had no indorsement whatever of payment, and introduced a witness, William Ryan, who testified that the note was in the handwriting of the deceased. This evidence was introduced without objection. Plaintiff then rested; whereupon defendant moved for a nonsuit upon the ground that the evidence on the part of the plaintiff was not sufficient to show that the note had not been paid. The motion was denied; and, defendant declining to offer any evidence, judgment was rendered for plaintiff as prayed for in the complaint. Defendant appeals from the judgment.

The only point insisted upon by appellant here is, that there was not sufficient proof of nonpayment of the note. At common law, and in many of the American states, payment is an affirmative plea on the part of the defendant, and the burden of proving it rests upon him. (2 Greenleaf on Evidence, sec. 516.) If a different rule prevails in California, still it is the law here that the production of the note by plaintiff in such an action, with no indorsement of the payment on it, is sufficient *prima facie* proof of nonpayment. (*Frisch v. Caler,* 21 Cal. 71, and *Farmers etc. Bank. v. Christensen,* 51 Cal. 571.) The possession of the attorney for plaintiff was the possession of plaintiff.

The judgment is affirmed.

Temple, J., and Henshaw, J., concurred.

Hearing in Bank denied.