[S. F. No. 2364. In Bank.—January 29, 1902.]

JOHN PASTENE, Respondent, v. F. PARDINI, Administrator, etc., of Luigi Pardini, Deceased, Appellant.

Trial—Designation of Issues—Limiting Evidence—Practice—Exception—Appeal.—It is proper practice for the court at the opening of the trial to designate the issues to be tried, and to direct and limit the introduction of evidence to these issues alone. Either party has the right to except to such ruling, and to have it reviewed upon appeal, but should submit thereto and accept the ruling without future offer of evidence upon an excluded defense.

Id.—Action upon Note—Issue Limited to Execution—Delivery not Excluded—Evidence—Production of Note.—In an action upon a note, a declaration by the court that the only issue under the pleadings related to the execution of the note should be construed not as excluding, but as including, an issue as to its delivery. The delivery was *prima facie* established by the production and proffer of the note in evidence.

ID.—EXCLUDING ISSUES AS TO CONSIDERATION AND NON-PAYMENT—
AFFIRMATIVE DEFENSES NOT PLEADED.—The promissory note im-
ports a consideration, and its production is sufficient evidence to
sustain the negative allegation of non-payment; and the mere denial
of consideration and of non-payment does not raise issues upon which
the defendant was deprived of proof, to his injury, by limiting the
issue to the execution of the note, where he failed to plead the want
of consideration and payment, which, as defenses, must be affirma-
tively pleaded.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court.

F. S. Brittain, for Appellant.

Reddy, Campbell & Metson, for Respondent.

HENSHAW, J.—This was an action upon a promissory
note. The complaint contained the usual averments. It
charged that Luigi Pardini, "for a valuable consideration,
made, executed, and delivered to plaintiff a promissory note,"
etc. It also averred non-payment of the principal sum and
interest, and that the whole was due and unpaid. The an-
swer was a denial that "Luigi Pardini, for a valuable con-
sideration or otherwise, made, executed, and delivered to
plaintiff, or made or executed or delivered to plaintiff,
a promissory note for the sum of twenty-five hundred dol-
lars, or any other sum." The next denial of the answer
was: "Denies that said Luigi Pardini has not paid the alleged
note set forth in plaintiff's complaint; denies that the said
Luigi Pardini has not paid the interest on said alleged note
set forth in plaintiff's complaint; denies that said alleged note
or the interest is still unpaid." Following these denials was
a cross-complaint, to the effect that the sum of eight hundred
dollars was loaned to plaintiff by Luigi Pardini.

At the opening of the trial, plaintiff's attorney stated what
he believed to be the issues involved, and that the sole issue
was the execution of the note, stating, further, his conviction
that the cross-complaint was not proper in the action. The
court, in passing upon the suggestion of the attorney, held
that the cross-complaint could not be set up in the action, and
settled the pleadings by declaring, "The only issue under the

pleadings is whether the deceased, Pardini, executed the note.''
Appellant contends that by the ruling of the court above
quoted he was deprived of his defense to the note, of non-
delivery, want of consideration, and payment. It is not only
the right of the court to settle or to designate at the outset of
a trial the issues of fact which have been joined by the plead-
ings, and to direct and limit the introduction of evidence to
those issues alone, but it is eminently a proper practice, and
one which would serve greatly to expedite the trial of causes,
if more commonly followed. At the same time, when the
court has so declared upon the issues, either party has the un-
questioned right to except to the ruling of the court, and if by
that ruling he shall have been deprived of any substantial
right of defense, to urge that upon the attention of the ap-
pellate court. He may not only submit to the ruling of the
court without future offer of evidence upon the excluded
defense, but it is his duty to accept such ruling. (*Bell* v.
*Brown*, 22 Cal. 678; *De Baker* v. *Southern Cal. Ry. Co.*, 106
Cal. 279;[1] *Pettygrove* v. *Rothchild*, 2 Wash. 8; *Hozey* v. *Bu-
chanan*, 16 Pet. 218; *Indianapolis etc. Mfg. Co.* v. *Cavin*, 53
Ind. 263.) The ruling of the court in thus defining and limit-
ing the issues should properly be regarded as its refusal to
allow evidence upon any other than the indicated issues.

If, as has been said, the appellant was injured by such
ruling, he has the right to be heard upon it here. But was he
injured in this instance? When the court declared that the
sole issue tendered by the answer was that of the execution of
the note, it unquestionably meant execution to be understood
in its legal sense, as including delivery. Under an allegation
that the note was made, executed, and delivered, and a denial
that it was made or executed or delivered, and where under
such issue joined the court declares that the execution of a
note is in issue, it does not seem possible that such ruling can
be misunderstood as a declaration by the court that non-
delivery may not be shown. (See *Le Mesnager* v. *Hamilton*,
101 Cal. 532-539.[2]) The delivery was *prima facie* established
by plaintiff's production and proffer of the note.

As to the second and third contentions, that the defendant
was deprived of his defenses of lack of consideration and pay-

[1] 46 Am. St. Rep. 237.          [2] 40 Am. St. Rep. 81.

ment, it is sufficient to say that such defenses are affirmative defenses to be pleaded, and this defendant did not do. He contented himself in his answer with a naked denial of the averments of the complaint, and this, as has been repeatedly held in this and in other code states, is not sufficient to raise either of these issues. "A promissory note imports a consideration, and therefore it is not necessary that a consideration should be specially alleged. If there was no consideration, the defendant should have filed an answer setting up a want of it as a defense to the action." (*Winters* v. *Rush,* 34 Cal. 136.) The introduction of the unpaid note by plaintiff was sufficient evidence, if evidence was necessary, in support of his negative allegation of non-payment (*Brennan* v. *Brennan,* 122 Cal. 440[1]), but payment is an affirmative defense which must be pleaded. (*Melone* v. *Ruffino,* 129 Cal. 514.[2]) Therefore, defendant has no just cause for complaint that he was excluded by the ruling of the court from offering evidence upon defenses which he had not raised.

There was sufficient evidence to support the findings of the court upon all the issues, and, as defendant was not deprived of any defense to which he was entitled, the judgment is affirmed.

Temple, J., Harrison, J., Garoutte, J., Van Dyke, J., and Beatty, C. J., concurred.

McFARLAND, J., concurring.—I concur in the judgment; although, in my opinion, if the answer had set up the defenses of payment and want of consideration, the remark of the judge when counsel for plaintiff was making his opening statement should not have been taken as precluding any evidence as to those defenses. The remark of the court in reply to counsel for plaintiff evidently meant merely that the matter set up in the cross-complaint could not be considered. Nothing further was called to the attention of the court. Counsel for defendant evidently considered the remark of the court in the sense above stated, for he contends in his brief that "the evidence shows want of consideration and non-execution."

---

[1] 68 Am. St. Rep. 46.          [2] 79 Am. St. Rep. 127.