(March 30, 1911.)

## CURTIS H. SHEFFIELD, Respondent, v. WILLIAM H. CLELAND, Appellant.

[115 Pac. 20.]

PROMISSORY NOTE—INDORSER—DEMAND FOR PAYMENT—ADMISSION AND REJECTION OF EVIDENCE—INSTRUCTIONS.

(Syllabus by the court.)

1. *Held*, that the court did not err in the admission and rejection of certain evidence.

2. As a general rule, the question of what is a reasonable time in which to present for payment a promissory note which was indorsed after maturity is one of fact to be determined by the circumstances of each particular case.

3. A promissory note introduced in the trial of an action, brought thereon, is *prima facie* evidence that the debt evidenced thereby is unpaid.

4. *Held,* that there was sufficient evidence to make a *prima facie* case and that the court did not err in denying a motion for a nonsuit.

5. *Held,* that the court did not err in giving certain instructions.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County.   Hon. Robt. N. Dunn, Judge.

Action on promissory note.   Judgment for plaintiff.   *Affirmed.*

McBee & LaVeine, for Appellant.

The question as to what is a reasonable or unreasonable time is a question of law, to be determined by the court from the evidence.   (*Turner v. Iron Chief Min. Co.,* 74 Wis. 335, 17 Am. St. 168, 43 N. W. 149, 5 L. R. A. 533; *Nash v. Harrington,* 2 Vt. 9, 16 Am. Dec. 672; *Jones v. Robinson,* 11 Ark. 504, 54 Am. Dec. 212.)

A delay of ten months after indorsement to present and give notice of nonpayment of a note payable on demand with interest is so unreasonable that it will discharge the indorser. (*Leonard v. Olson,* 99 Iowa, 162, 61 Am. St. 230, 68 N. W. 677, 35 L. R. A. 381; Daniel on Negotiable Instruments, pars. 604–611; *Bassenhorst v. Wilby,* 45 Ohio St. 333, 13 N. E. 75.)

C. H. Potts, for Respondent.

The rule has been laid down generally that what is a reasonable time within which to present a note, which was indorsed after maturity, for payment, is a question of fact to be determined on the circumstances of each particular

case by the jury. (*Union Bank v. Ezell,* 10 Humph. (Tenn.) 386; *Gray v. Bell,* 3 Rich. (S. C.) 71; *Pryor v. Bowman,* 38 Iowa, 92.)

"The possession by the creditor of a writing providing for the payment of money after maturity is *prima facie* evidence that the debt evidenced thereby is unpaid." (30 Cyc. 1268, and cases cited.)

The introduction of the unpaid note by plaintiff was sufficient evidence, if evidence was necessary, in support of his negative allegation of nonpayment. (*Pastene v. Pardini,* 135 Cal. 431, 67 Pac. 681, 682; *Brennan v. Brennan,* 122 Cal. 440, 68 Am. St. 46, 55 Pac. 124; *Turner v. Turner,* 79 Cal. 565, 21 Pac. 959, 960.)

Where there is substantial conflict in the evidence, a judgment entered on the verdict of a jury will not be reversed. (*Martin v. Dowd,* 8 Ida. 453, 69 Pac. 276; *Pine v. Callahan,* 8 Ida. 684, 71 Pac. 473, and other Idaho cases.)

Demand for payment of commercial paper indorsed and transferred after maturity and notice of its dishonor to the indorser need not as a legal conclusion be made at any precise time; it is sufficient that it is made within a reasonable time with reference to the facts of the particular case. (*Bank v. Gaffney,* 9 Ala. 153; *Jones v. Robinson,* 11 Ark. 504, 54 Am. Dec. 212.)

A demand for the payment of the note before the time at which the parties and the indorser had agreed upon between themselves is within a reasonable time. (*Lockwood v. Crawford,* 18 Conn. 361.)

SULLIVAN, J.—This action was brought by respondent against the appellant as indorser of a certain promissory note executed by one McBee.

It is alleged in the complaint that on the 10th day of December, 1905, one McBee, for value received, made, executed and delivered a promissory note for the sum of $100, with interest thereon at the rate of eight per cent, to the appellant, William H. Cleland; that sometime after the maturity thereof, for a valuable consideration, said Cleland in-

dorsed said promissory note and sold and assigned the same to the plaintiff, and the plaintiff is the lawful holder and owner thereof; that due notice of the sale and assignment of the note was given to the maker; that thereafter said promissory note was presented to the maker for payment and payment was refused, and that appellant had due notice thereof; that neither the indorser nor the maker has paid said note or any part thereof, and that said sum of $100 with interest thereon at the rate of eight per cent from the 1st day of April, 1903, is due and payable; that said note provides for an attorney's fee in case suit is instituted to collect the same. Plaintiff prays for judgment in the sum of $100 and eight per cent interest, together with the further sum of $25 attorney's fee.

A demurrer was interposed to said complaint and overruled by the court, and an answer was filed which denies that due notice or any notice of any sale or assignment of said promissory note was ever given to the maker; denies that said promissory note was indorsed by the defendant; denies that payment thereof was demanded or refused; denies that defendant had due or any notice of any presentation thereof or demand for payment or refusal of payment by the said maker; denies that said note or any part thereof remains unpaid; denies that the sum of $25 or any sum is a reasonable attorney's fee for the collection of said note.

Upon the issues thus made the cause was tried by the court with a jury, and the jury returned a verdict in favor of the plaintiff and assessed his damages at the sum of $176.65, and judgment was entered for that sum and costs of suit. A motion for a new trial was overruled, and the appeal is from the judgment and the order denying a new trial.

The first, second and third assignments of error relate to the action of the court in overruling appellant's objections to questions propounded to the respondent as to what transpired at the time the note was indorsed by appellant to the respondent. The note was indorsed after maturity, and the liability of the defendant depended upon the law governing such indorsements. Among other things, it was necessary

to determine what was a reasonable time in which to present the note to the maker. Under our statutes this should be determined in connection with the facts of the particular case. It is provided by sec. 3650, Rev. Codes, as follows:

"In determining what is a 'reasonable time' or an 'unreasonable time' regard is to be had to the nature of the instrument, the usage of trade or business (if any) with respect to such instruments, and the facts of the particular case."

The facts of this case could be disclosed only by evidence as to what was said and done at the time of the indorsement, and the answers given to the questions complained of show the materiality of the testimony sought to be elicited thereby, as shedding light on the transaction which would aid the jury in determining what was a reasonable time under the circumstances. While the liability of the indorser of a note is fixed by law, the question of what is a reasonable time to present the note to the maker for payment, when it is indorsed after maturity, is not fixed by law, but depends upon the facts of the case and the understanding and agreement of the parties. The court did not err in admitting the evidence referred to.

The fourth and fifth assignments of error relate to the action of the court in refusing to permit a witness for the appellant to answer questions directed to the circumstances concerning the making of the note sued on and the purpose for which it was given by the witness to the appellant. The execution of the note was admitted, and it could not possibly make any difference in this case for what purpose the note was originally given or as to what the attendant circumstances were. The evidence sought to be elicited by those questions was clearly immaterial to the issues involved in the case.

The sixth assignment of error has reference to a question as to the reasonable value of certain personal property. The record shows that said evidence was not material, as it appears that the transaction referred to had no connection with the

note sued on in this action.    The court did not err in denying defendant's motion for a nonsuit.

The appellant's eighth assignment of error goes to the action of the court in giving instruction No. 4.    Said instruction is taken *verbatim* from our statute defining how to determine what is a reasonable time to present a promissory note for payment under the negotiable instrument law, sec. 3150, Rev. Codes.    It was not error to give that instruction. It is admitted that the note in question was indorsed to the respondent by appellant after maturity, and was, therefore, under our statute, as regards the appellant, payable on demand.

Sec. 3464, Rev. Codes, is as follows:

"An instrument is payable on demand:

"First.    Where it is expressed to be payable on demand, or at sight, or on presentation; or,

"Second.    In which no time for payment is expressed.

"Where an instrument is issued, accepted or indorsed when overdue, it is, as regards the person so issuing, accepting or indorsing it, payable on demand."

Said note, therefore, came within the rules governing the presentation for payment of demand paper.

Sec. 3528, Rev. Codes, provides:

"Where the instrument is not payable on demand, presentment must be made on the day it falls due..

"Where it is payable on demand, presentment must be made within a reasonable time after its issue, except that in case of a bill of exchange, presentment for payment will be sufficient if made within a reasonable time after the last negotiation thereof."

It therefore became necessary, in order to hold the indorser, who in this case is the appellant, to show that the note was presented to the maker thereof for payment within a reasonable time after the indorsement, and what was a reasonable time in this case depended upon the facts in the case, which would include the understanding or agreement between the appellant and respondent at the time the note was indorsed and sold to the respondent.    Nor does it make any difference

as to whether the question of what was a reasonable time was determined by the court or by the jury, because if it should be held that this matter was one to be determined by the court, then it is apparent that the court determined that presentment was made in this case within a reasonable time by overruling the defendant's motion for a nonsuit. The respondent and not the appellant was the only one who could complain of the action of the court in letting this question go to the jury.

It was held in *Bassenhorst v. Wilby*, 45 Ohio St. 333, 13 N. E. 75, as follows:

"What is a reasonable time is generally a mixed question of law and fact. Where the facts are in dispute it should be submitted to the jury for its determination under proper instructions from the court; but where the material facts are admitted, or not in dispute, it is a question for the court, and cannot properly be submitted to the jury."

As a general rule, the question of what is a reasonable time within which to present for payment a promissory note which was indorsed after maturity is one of fact, to be determined by the circumstances of each particular case by the jury, if there is a conflict in the evidence; otherwise, by the court.

The giving of the seventh instruction by the court is assigned as error. That instruction was to the effect that the possession by the plaintiff of an uncanceled promissory note is *prima facie* evidence that such note remains unpaid, and the burden of proving the payment thereof is upon the defendant. The possession by the creditor of a writing providing for the payment of money, after maturity, is *prima facie* evidence that the debt evidenced thereby is unpaid. (30 Cyc. 1264–1268.) The introduction of an unpaid note by plaintiff was sufficient evidence, if evidence were necessary, in support of the negative allegation of nonpayment. (*Pastene v. Pardini*, 135 Cal. 431, 67 Pac. 681; *Brennan v. Brennan*, 122 Cal. 440, 68 Am. St. 46, 55 Pac. 124.)

Appellant devotes a large portion of his brief to a discussion of the alleged insufficiency of the evidence to sus-

tain the verdict. The evidence in this case as to the time within which the note was presented to the maker for payment and notice given to the indorser of nonpayment thereof is conflicting. The rule is too well established in this state to the effect that where there is a substantial conflict in the evidence a judgment entered on the verdict of a jury will not be reversed, to require any further discussion of that question.

Finding no reversible error in the record, the judgment must be affirmed, and it is so ordered, with costs in favor of respondent.

Ailshie, Presiding J., and Woods, District Judge, concur.