NORTHERN LUMBER COMPANY, Appellant, v. CLAUS CLAUSEN et al., Appellees.

PLEADING: Reply—Necessity—Plea of Payment. In an action wherein plaintiff alleges that defendant is owing him a stated sum, and wherein defendant answers that he has not received proper credit for payments made by him, no reply is necessary in order to enable plaintiff to prove an agreement that certain payments were not to

be applied on the account sued on. (See Book of Anno., Vol. 1, Sec. 11156, Anno. 33.)

**BILLS AND NOTES: Presentment—Unreasonable Delay.** The presentation of a check for payment is not made within a reasonable time when the check is drawn on a bank located at the place of business of the payee, and there received by him, and forwarded by a circuitous route of 200 miles for collection, and presented some four days later, and after the bank had failed.

**Headnote 1:** 30 Cyc. pp. 1258, 1263 (Anno.)    **Headnote 2:** 8 C. J. pp. 541, 543.

*Appeal from Emmet District Court.*—James DeLand, Judge.

MARCH 16, 1926.

Action to foreclose a mechanic's lien. On trial, the district court refused the prayer of plaintiff's petition, and dismissed the same. Plaintiff appeals.—*Affirmed.*

*Morse & Lee,* for appellant.

*A. A. Herrick,* for appellees.

Albert, J.—Appellant is a corporation, with its principal place of business at Estherville, Iowa, engaging in the sale of lumber and building materials. It has a local yard at Gruver, Iowa, a small town seven miles distant from Estherville. In the spring of 1923, appellee Clausen bought lumber and building material from appellant under contract, the bill for which amounted to approximately $3,125. Various payments were made on the account, and on July 24, 1923, appellee executed and delivered to appellant his check for $600, drawn on the Estherville State Bank of Estherville, Iowa. This check was delivered to one Anderson, the agent of appellant at Gruver, who, on the same day, transmitted it to the general office at Estherville. This check was not then presented to the Estherville State Bank for payment, but, on the same day, was forwarded by appellant to the First National Bank of Minneapolis. It reached the Minneapolis Bank on July 25th, on which date the Minneapolis bank mailed it to the Estherville

State Bank. The record is silent as to the time said check reached the Estherville State Bank. It is stipulated that the Estherville State Bank closed its doors on July 28th, and was taken over at that time by the state banking department. The $600 check was protested, and returned by the state bank examiner to the First National Bank of Minneapolis. It is also stipulated that, at the time said check was drawn, and at all times thereafter, Clausen had on deposit in the Estherville State Bank a sum much in excess of the amount called for by said check. The Minneapolis bank returned the check to the appellant at Estherville.

At the time the $600 check was delivered, appellant credited Clausen's account with that amount; but said check was not charged back to Clausen when it was protested. On August 1, 1923, Clausen gave appellant a check for $500, and on August 6th following, he gave another check for $500. Appellant disposed of these two checks by deducting $600 therefrom, to take up the old check, and crediting Clausen's account with the remaining $400. It is out of this transaction that the differences between these parties arise. The balance of the account has been paid in full.

The first question raised in the case necessitates a reference to the pleadings. Appellant filed a mechanic's lien, and in this action seeks to foreclose the same. It alleges a balance due of $586.35. The appellee answers, denying the indebtedness, and alleges that he delivered to the appellant, to apply on this account, two checks for $500 each, and that for said checks he received credit on his account for only $400. He says that, therefore, his account is paid in full, and asks that appellant's petition be dismissed. No reply was filed by appellant to the answer of appellee. The claim of appellant is that it had an oral understanding with appellee that these two checks, amounting to $1,000, were to be applied exactly as it did apply them, to wit, $600 to take up the protested check, and $400 on account. It further contends that, even if there were no such oral agreement, it had the right, under the law, to make application as it saw fit, so long as it received no direction what-

1. PLEADING: reply: necessity: plea of payment.

ever from the debtor as to the application to be made of the payments. Both sides argued the question of waiver and estoppel and confession and avoidance, and the question of whether or not the affirmative allegations of the appellee's answer should have had a reply in the nature of a confession and avoidance, or a plea of waiver and estoppel, on behalf of the appellant, before it would be entitled to make either of the above claims. We do not deem this question of very material importance in the determination of this case. Boiled down, appellant's claim is that appellee owed the sum of approximately $600. The appellee says that he paid this amount in the check for $600 above referred to. The burden of proof is on the appellant, in this instance, to prove its claim unpaid, and it is entitled to meet any evidence of appellee's proving payment by any evidence available which shows nonpayment. Therefore, when appellee tendered his evidence showing payment by these two $500 checks, the burden still rests on the appellant, and it has the right to introduce any evidence which will sustain its burden of proving the account unpaid. We are, therefore, of the opinion that appellant had the right to show that, even though this money was paid to it, such payment was not made to apply on the account in controversy, and that, therefore, no reply was necessary.

As to testimony regarding an agreement that the protested $600 check was to be paid by deducting that amount from the two checks making the $1,000 payment, the evidence is in hopeless conflict. It is our opinion that appellant has not sustained the burden of showing said agreement, and therefore must fail on the claimed agreement.

It is the claim of appellee that the balance of said account has in fact been paid by the $600 check above referred to. He bottoms this contention on the proposition that, since he issued the check on the 24th of July, 1923, on the Estherville Bank, at Estherville, Iowa, the principal place of business of appellant, if appellant had presented said check for payment at the Estherville Bank within a reasonable time after receipt of same, it would have been paid in full; but that the bank on which the check was drawn was closed, and the check dishonored through

2. BILLS AND NOTES: presentment: unreasonable delay.

the negligence of appellant; and that the loss caused thereby is, therefore, on appellant. In other words, if the check had been presented to the Estherville Bank the day it was received, or the day thereafter, the evidence shows that it would have been paid in full. Instead of so presenting it, appellant forwarded the check to the First National Bank at Minneapolis, some 200 miles distant; and, so far as the record shows, it was not in fact presented to the Estherville Bank until after it had closed its doors.

Section 9647, Code of 1924, which is identical with Section 3060-a186, Code Supplement, 1913, reads:

"A check must be presented for payment within a reasonable time after its issue, or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay."

The question, therefore, is, What is a reasonable time for the presentation of a check, under the above section of the statute? Secondly, as applied to this case, Was this check presented within a reasonable time after its issuance? If it was not so presented, then the drawer is released from liability, and he would be entitled to charge the same against the appellant, or, in other words, to have it credited to his account, regardless of whether appellant received the proceeds of the check. Forwarding a check by a circuitous route may, as a general rule, be said to constitute negligence, except where the check reaches its destination as soon as if sent directly to the bank. Brady's Law of Bank Checks 101, Section 74; 8 Corpus Juris 543, Section 754; *Plover Sav. Bank v. Moodie,* 135 Iowa 685. It may be said, in passing, that we are not dealing with the question of the indorser of a check, in the instant case.

It is a well settled proposition of law that, where a person receives a check in the town where the drawee bank is located, it must be presented before the close of the next business day. Brady's Law of Bank Checks 98, Section 72; 8 Corpus Juris 540, Sections 753, 754. Ordinarily, the question of whether presentation of a check has been made within a reasonable time is a fact question. This case being in equity, and triable *de novo* here, by application of the above rules governing such matters we are abundantly satisfied that said check was not presented within a reasonable time, as provided for by the above quoted

section of the Negotiable Instrument Law. This being true, the loss which occurred must fall upon the appellant. The loss having fallen on appellant, the $600 balance due on account, represented by said check, is paid; therefore, there would be no right on the part of appellant to take the $600 out of the $1,000, to offset the $600 check.

The ruling of the district court in dismissing the appellant's petition was right.—*Affirmed.*

DE GRAFF, C. J., and EVANS and MORLING, JJ., concur.