HAZEL KNAUSS, Appellee, v. CHARLES H. ALECK, Appellant.

**BILLS AND NOTES:** Presentment—Checks. A check must be presented for payment within a reasonable time, even though the drawer's deposit in the drawee bank is *less* than the amount of the check, it appearing that the drawer had arranged with the drawee bank for payment in full.

**BILLS AND NOTES:** Presentment—Checks—Reasonable Time—Undisputed Facts. Whether a check is presented for payment within a

reasonable time is a question of law for the court to decide, when the facts are undisputed.

**BILLS AND NOTES:** Presentment—Checks—Reasonable Time. A 3 check is not presented for payment within a reasonable time, as a matter of law, when it was received by the payee in the town in which the drawee bank was located and was taken by the payee "to his farm" and not presented until six days later.

Headnote 1:   8 C. J. pp. 539, 549 (Anno.)   Headnote 2:   8 C. J. p. 1070.   Headnote 3:   8 C. J. p. 542.

*Appeal from Harrison District Court.—J. S.* DEWELL, *Judge.*

JUNE 21, 1926.

Action to recover on a check issued by defendant to plaintiff. The jury was waived. The court held that the plaintiff was entitled to recover, and entered judgment accordingly. Defendant appeals.—*Reversed.*

*William P. Welch,* for appellant.

*Cochran & Wolfe,* for appellee.

ALBERT, J.—This case was submitted on the following statement of facts: It is stipulated and agreed that the only question to be determined is whether or not the appellee exercised due diligence in presenting the check sued upon, for payment at the State Savings Bank of Logan, Iowa, the bank upon which the check was drawn. In this connection, it is agreed that the check was dated May 14, 1923, and that there was some mistake in the terms thereof; that the check was corrected in its terms on the 18th day of May, 1923, after banking hours, in the town of Logan; that said appellee took the check home with him to his farm, and the same was not presented to the State Savings Bank of Logan for payment until after the said bank had closed, on the 25th of May, 1923.

*1. BILLS AND NOTES:* presentment: checks.

It is further stipulated and agreed that the appellant, at the time the bank closed, had an account with said bank which lacked sufficient funds to fully cover said check, but that appellant had made an arrangement with D. E. Cottrell, an officer of

the bank, under and by virtue of which the said Cottrell, acting for and on behalf of said bank, agreed, on the part of the bank, to honor the said check and to pay the same when presented.

It was further stipulated that the only question to be determined by the district court was whether appellee was negligent in presenting said check for payment; and if the court found that said appellee was negligent, then the petition was to have been dismissed, and appellant was to recover his costs. If not, the court was to enter judgment for the amount of the check and interest from the date of presentment, and costs.

It will be noted in this statement of facts that it is stipulated that there were not sufficient funds on hand to meet the check, but that due arrangements had been made on the part of the bank to pay the check when presented. These facts having been agreed upon, the fact that there were insufficient funds to meet the check becomes wholly immaterial, and the drawee is bound to present the same for payment. *Hamlin v. Simpson,* 105 Iowa 125. With this question disposed of, we have left the lone question of negligence in presentation.

Section 9647, Code of 1924, reads as follows:

"A check must be presented for payment within a reasonable time after its issue, or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay."

The question before us, therefore, is whether or not appellee presented the check within a reasonable time.

We have frequently announced the general rule that, under facts similar to these, the question of what is "a reasonable time" is a question of fact. However, there are exceptions to this rule; and one is that, where the facts are undisputed, it then becomes a question of law. 3 Ruling Case Law 1194, Section 415, and cases there cited; *Turner v. Iron Chief Min. Co.,* 74 Wis. 355 (5 L. R. A. 533, and note); 8 Corpus Juris 1070, Note 67, and cases. Brannan's Negotiable Instruments Law (4th Ed.) 927 states the rule to be:

2. BILLS AND NOTES: presentment: checks: reasonable time: undisputed facts.

"Where the facts are in dispute, 'reasonable time' is a question for the jury; otherwise for the court,"—citing *Sheffield v. Cleland,* 19 Ida. 612 (115 Pac. 20); *First Nat. Bank v. Korn* (Mo. App.), 179 S. W. 721; *Commercial Nat. Bank v. Zimmerman,* 185 N. Y. 210 (77 N. E. 1020).

In determining what is "a reasonable time," all the facts and circumstances of the case must be taken into consideration. Section 9654, Code of 1924. In *Northern Lbr. Co. v. Clausen,* 201 Iowa 701, we said:

"It is a well settled proposition of law that, where a person receives a check in the town where the drawee bank is located, it must be presented before the close of the next business day."

It seems to be pretty well settled that, where the drawee of a check and the bank are located in different places, the check must, in the absence of unusual circumstances, be forwarded for presentation on the day after it is received, at the latest. 8 Corpus Juris 542, Section 754. This doctrine has been affirmed by this court in *Hamlin v. Simpson,* supra, *Northwestern Coal Co. v. Bowman & Co.,* 69 Iowa 150, *Plover Sav. Bank v. Moodie,* 135 Iowa 685, and *Citizens' Bank v. First Nat. Bank,* 135 Iowa 605, which cases state the general rules governing matters of this kind; and, unless there are facts and circumstances shown in the case which amount to a reasonable excuse for not making such presentation, they must govern.

3. BILLS AND NOTES: presentment: checks: reasonable time.

When we turn to the record, it is apparent that the check was received by appellee on the 18th day of May, after banking hours. The record, however, is a little uncertain as to just when the check was, in fact, presented to the bank. The statement in relation thereto is ambiguous. The bank appears to have closed sometime on the 25th of May, and as to whether the check was presented on the 25th of May or later, we have some question. If we assume that it was presented on May 25th, after the bank had closed, the time which elapsed would be 7, or possibly 6, days. While the record states that appellee received the check in Logan and took it to his farm, there is nothing to indicate where his farm was located. It may have been just outside the corporate limits of Logan, or it may have been many miles away; but as to its exact distance from the bank, we are not advised. The fact that appellee lived on a farm is the only circumstance in the case, aside from the lapse of time, that can in any way affect this question. Under the rules we have above laid down, it is our judgment that, as a matter of law, this check was not presented within a reasonable time. Under this conclusion, it follows that appellee was negligent. We are not to be under-

stood as saying that the fact of negligence would necessarily defeat the appellee from any recovery upon the check, if the amount thereof exceeded the amount lost by the drawer as the result of the failure to present the check.   The appellant would be entitled only to recover to the extent of the deposit lost by him in the failing bank.   There is evidence indicating that the amount of the check was greater than the amount of the deposit lost by the failure.   On this question, we make no pronouncement.

For the reasons stated, the judgment for appellee for the full amount of the check was error.—*Reversed and remanded.*

DE GRAFF, C. J., and EVANS and MORLING, JJ., concur.