A. L. Ostrander, Appellee, v. Harry Sauer, Appellant.

No. 39498.

April 5, 1929.

*Jones & White,* for appellant.

*Gillies, Daugherty & Oughton,* for appellee.

Faville, J.—It is conceded that the appellant owed the appellee $200 for rent. On January 4, 1926, the appellee was at the appellant's place, and at said time the appellant gave appellee a check drawn on the Hedrick State Bank for $200, in payment of said rent. The appellant testified:

"I told Mr. Ostrander, at the time I gave him the check, that I did not have quite enough funds in my account in the Hedrick State Bank on that day with which to meet the check, but that I would haul my wheat *right away,* and have the money for him. * * * I did in fact sell my wheat right away. I hauled

one load of it the afternoon of the day I gave Mr. Ostrander the check. I made a deposit in the bank on January 7th. * * * I said that I would haul the wheat *right away* and get the money for him. I did not tell him when I had hauled the wheat, and did not tell him when I put the money in the bank.''

Regarding the transaction the appellee testified:

''He told me at that time that I was to hold the check until he had hauled the wheat. The roads were in very bad condition at that time. He never told me when he hauled his wheat. * * * He did not tell me that he would notify me when he sold the wheat, but told me he would haul the wheat as quickly as he could. * * * I did not make any effort to find out whether he had the money in the Hedrick State Bank to cover the check before February 1, 1926. * * * Q. Isn't it a fact that the only reason why you didn't deposit it during that period of time is that you were not in town to deposit it? A. Yes, sir.''

A third party testified to a conversation between the appellant and the appellee after the bank closed. He testified:

''He [appellee] also asked Mr. Sauer if he hadn't told him to hold the check a few days until he hauled his wheat, and Mr. Sauer said he had. * * * In Mr. Ostrander's conversation with Mr. Sauer, Mr. Ostrander did not claim that Mr. Sauer was to notify him when he hauled the wheat.''

The check was delivered on January 4, 1926, and the appellant proceeded to sell his wheat, and deposited the proceeds in the bank; and on January 7, 1926, there was on deposit in said bank to appellant's account an amount in excess of the amount of said check. Such amount remained in said bank at the time it closed, on February 1st. Twenty-seven days elapsed from the time that the appellant delivered the check to appellee until the bank closed. During said time, the appellee made no effort to present said check to said bank. The parties lived within a short distance of each other. The bank upon which said check was drawn was some nine or ten miles distant. There was another town nearer the appellee's residence, where there was a bank. It also appears that each of the parties had a telephone, by which they could communicate with each other or with said bank. It

also appears that there was a daily mail delivery at appellee's place. There is evidence tending to show that the roads were bad and inconvenient for travel, but were not impassable. There is no substantial dispute in the record. The appellant says that he told appellee he would haul his wheat "right away," and deposit the money to meet the check. Appellee says that the appellant told him he would "haul the wheat as quickly as he could." The parties agree that nothing was said either about the appellant's notifying the appellee that he had sold the wheat and made the deposit, or that the appellee was to find out whether the appellant had deposited it. The appellee states, however, that the only reason why he did not deposit it during the time was that he was not in town to deposit it. In the recent case of *Knauss v. Aleck,* 202 Iowa 91, we said:

"We have frequently announced the general rule that, under facts similar to these, the question of what is 'a reasonable time' is a question of fact. However, there are exceptions to this rule; and one is that, where the facts are undisputed, it then becomes a question of law. * * * 'Where the facts are in dispute, "reasonable time" is a question for the jury; otherwise for the court.' "

Upon the record in this case, we are disposed to differ from the conclusion of the trial court. Under the undisputed evidence, the appellant was to haul his wheat and deposit the proceeds to meet the check "right away," or "as quickly as he could." This he did within three days' time. The appellee made no attempt in any way to present the check for a period of twenty-seven days. We fail to find in the record any reasonable excuse whatever for this delay on the part of the appellee in making such presentation. The only excuse he offers therefor is that he did not go to town, and testimony tending to show that the roads were in bad condition, and that travel was difficult. There were ample mail facilities by which the check could have been presented to the drawee bank, and the evidence discloses that it could have been forwarded for collection through the medium of another bank, reasonably near and convenient to the appellee. We think, upon the record, that it should be held, as a matter of law, that the appellee failed to present the check within a reasonable time, and that, therefore, under Section 9647,

Code of 1924, the drawer is discharged from liability to the extent of the loss caused by the delay.

It appears that the drawee bank has closed its doors, and the question of the rights of the respective parties in the amount on deposit to the appellant's credit in said bank is not involved in this action, and we make no pronouncement in regard thereto. It follows that the judgment appealed from must be, and it is,— *Reversed.*

EVANS, STEVENS, MORLING, and GRIMM, JJ., concur.

KINDIG and WAGNER, JJ., dissent.