## No. 31,383

FRANK AMTHAUER, *Appellee*, v. CHARLES W. JOHNSON and J. E. STOHS, Receivers for THE HOME STATE BANK OF JUNCTION CITY, and H. W. KOENEKE, Bank Commissioner of the State of Kansas, *Appellants*.

(27 P. 2d 241.)

Opinion filed December 9, 1933.

*James V. Humphrey* and *Arthur. S. Humphrey*, both of Junction City, for the appellants.

*W. H. Carpenter*, of Marion, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action by the holder of a promissory note which had been sold to him after its maturity date and at that time indorsed to him by the bank of which defendants are the receivers. Defendants' demurrer to the petition was overruled. They stood on the demurrer, judgment was rendered against them, and they have appealed.

The legal question presented is the liability to his transferee of one who, for value, sells and indorses a past-due promissory note. Appellants contend that plaintiff is not a holder in due course, as that term is defined in R. S. 52-502 (N. I. L. § 52), and that defend-

ants are not liable as indorsers, as such liability is stated in R. S. 52-607 (N. I. L. § 66). The point would be well taken if the action here were against the maker of the note. (*Beasley Hardware Co. v. Stevens,* 42 Ga. App. 114, 155 S. E. 67; *Security Holding Co. v. Johnson,* 57 S. D. 163, 231 N. W. 536; *McMillan v. Gardner,* 88 Kan. 279, 128 Pac. 391; *Wulfekuhler State Bank v. Wible,* 121 Kan. 66, 245 Pac. 1067.)

But this is not an action against the maker of the note. It is an action by an indorsee against the indorser to him of an overdue note. In 31 Harvard Law Review, 1104, Chafee has an interesting and instructive article on Rights in Overdue Paper, which we need not analyze carefully here.

Prior to the adoption of our negotiable-instruments law it was the rule of the law merchant (8 C. J. 379, 406) and the rule in this state (*Swartz v. Redfield,* 13 Kan. 550; *Shelby v. Judd,* 24 Kan. 161; *Lank v. Morrison,* 44 Kan. 594, 24 Pac. 1106) that one who sold and indorsed a promissory note after its maturity date, as between himself and the transferee reissued the instrument as one payable on demand. That rule was embodied in our negotiable-instruments law (R. S. 52-207 [N. I. L. §.77]), which reads:

"An instrument is payable on demand: (1) Where it is expressed to be payable on demand, or at sight, or on presentation; or (2) in which no time for payment is expressed. Where an instrument is issued, accepted, or indorsed when overdue, it is, as regards the person so issuing, accepting or indorsing it, payable on demand."

The statute appears specifically to apply to a situation such as is presented here. The instrument was "indorsed when overdue," and "is, as regards the person so . . . indorsing it, payable on demand." It was alleged in the petition in this case that demand for payment had been duly made upon the indorser, and, as the case comes to us, that matter was not put in issue. As supporting these views, see *Idaho St. Bank of Twin Falls, Ida., v. Hooper Sugar Co. et al.,* 74 Utah 24, 276 Pac. 659; 68 A. L. R. 969; *Riesch v. Degnitz,* 200 Wis. 379, 228 N. W. 488; *Sheffield v. Cleland,* 19 Ida. 612, 115 Pac. 20; *Sledge & Norfleet Co. v. Dye,* 151 Miss. 693, 118 So. 414; *Ginter v. McBride et al.,* 222 Mo. App. 1156, 14 S. W. 2d 41.

· If, perchance, the statute and authorities just cited should, for any reason, be deemed inapplicable to the situation here presented, we note that our statute (R. S. 52-107 [N. I. L. § 196]) provides: "In any case not provided for in this act the rules of the law merchant

shall govern," and, as we have heretofore seen, the rule of the law-merchant sustains the judgment of the trial court.

Appellants cite *Prudential Inv. Co. v. National Reserve Life Ins. Co.,* 137 Kan. 659, 21 P. 2d 373, but we are unable to see that it has specific application here. That case had to do with marking corporate or municipal bonds as to ownership, how they could be so marked, the effect of so marking them, how the mark could be eliminated, and the effect of the elimination.

We find no error in the record, and the judgment of the court below is affirmed.

HUTCHISON, J., not sitting.