[Civ. No. 1542.   Second Appellate District.—February 24, 1915.]

RALPH HAMLIN, Appellant, v. JESSIE R. BARNHART, Respondent.

CONTRACTS—EXCHANGE OF REAL PROPERTIES—LACK OF MUTUALITY OF REMEDIES—CONSIDERATION—WITHDRAWAL OF OFFER.—A contract for the exchange of real properties in which one of the parties agrees to the exchange in case he can borrow a certain sum on certain property for which purpose he is given a certain number of days, is lacking in mutuality of consideration, as this party's performance is made conditional upon his being able to borrow the money; and therefore the other party has the right to withdraw his offer to exchange at any time before acceptance.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial.   J. P. Wood, Judge.

The facts are stated in the opinion of the court.

John F. Poole, for Appellant.

F. W. Shelley, for Respondent.

JAMES, J.—The trial judge, viewing an alleged contract made between the parties to this action—which contemplated an exchange of real properties and the payment by respondent of a large sum of money—concluded that there was no sufficient consideration rendered or agreed to be rendered by appellant, and that therefore respondent was not bound. This was the controlling issue then submitted and its determination will direct the decision to be rendered on this appeal, which is taken from the judgment and from an order denyir.g defendant's motion for a new trial.

We agree with the conclusion reached by the superior court. The alleged contract for the breach of which damages were sought to be recovered, after reciting conditions respecting the properties of the parties and the terms imposed, contains· the following clauses: ''The party of the first part agrees to this exchange in case he can borrow four thousand five hundred (4500) dollars on property at 357 So. Mentor Avenue, Pasadena, California. The party of the first part has ten days in which to secure the above loan.'' Respondent, three days after signing the agreement mentioned, orally notified the agent who was acting in the matter that she would not carry out the proposed exchange. On the same day, and after the agent had received this notification of respondent, but before this notification had been communicated to appellant, the latter notified the same agent that he was willing to proceed with the exchange of properties.

The right of respondent to withdraw from the agreement seems clear. There was no mutuality of consideration provided for. On the one hand, it was proposed to bind respondent in absolute terms to perform on her part, while appellant's performance was made conditional. He was to perform only in case he could borrow four thousand five hundred dollars on respondent's property, and impliedly the agreement was that this loan should be upon whatever conditions he might choose to impose as to duration of loan term, rate of interest, etc. In the event of his default, respondent had no remedy as against his caprice. The agreement of the parties imported no obligation on appellant's part which respondent could enforce. ''If a promise does not offer any enforceable legal right or forbearance it is not a' consideration. This principle is sometimes expressed in the rule that promises, in order to be a valid consideration each for the other, must be mutual.

. . . Where the parties assume to make a contract in which a promise is the consideration for a promise, and analysis shows that one of the promises does not impose any legal duty upon the party making it, such promise is not a consideration for the other promise.'' (1 Page on Contracts, secs. 302, 303, 304.) It will be of no service to multiply citations to this fundamental rule governing the making of contracts. Having construed the contract as imposing no definite obligation on appellant to perform (a construction which his own words expressly declare to have been the one intended) there is no room left for further argument to the point that the alleged contract lacked mutuality of obligation or of consideration, which means the same thing. Treated as a mere offer to exchange, the proposal was revocable by respondent at any time before acceptance by appellant. Respondent did notify the agent of appellant, before there was any offer to accept made by appellant, that she would not proceed under the alleged agreement.

For the reasons stated, the judgment and order of the court should be sustained.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.