[S. F. No. 13173. In Bank.—January 28, 1930.]

E. J. KRUCE, Appellant, v. PARLIER WINERY (a Corporation), Respondent.

Frank F. Oster for Appellant.

No appearance for Respondent.

PRESTON, J.—This cause is submitted to us solely upon the transcript and appellant's brief. Respondent refused, upon inquiry by the clerk of the court, to file a brief, and expressed utter indifference as to the result of this litigation, due to its bankruptcy and death of its president.

Plaintiff seeks by the action to collect some $4,000, together with interest and also attorney fees, upon two promissory notes for $4,000 each signed by the president and general manager of the corporation and by the secretary, the seal of the corporation being attached thereto. These notes are set up in the complaint and admittedly the second note was to be a substitution for the first note, which was continued in the case only for the purpose of collecting interest. The answer is simply a denial of the due execution of the notes. Judgment went for defendant. Plaintiff appealed.

The evidence shows, however, as above noted, that the notes were properly signed by the president, who was also general manager, and by the secretary, under the seal of the corporation, these persons being two of the three members of the board of directors thereof. Evidence is also abundant that knowledge of execution of the notes was brought home to the corporation at that time and their

execution was impliedly, if not expressly, ratified. In fact, the corporation directed several communications to plaintiff acknowledging the existence of the notes, their validity, and promising payment. There is, therefore, no ground whatsoever upon which to rest the contention that the notes were not either authorized or ratified by the corporation.

The contention was also made in the court below that the notes were without consideration, but this defense was not pleaded, and respondent, therefore, may not rely upon it. (*Pastene* v. *Pardini*, 135 Cal. 431 [67 Pac. 681]; *Yellow Jacket etc. Co.* v. *Holbrook*, 24 Cal. App. 687 [142 Pac. 128]; *Flint* v. *Giguiere*, 50 Cal. App. 314, 318 [195 Pac. 85].) Moreover, the evidence shows that a written contract existed between plaintiff and respondent respecting the sale and disposition of wines manufactured by respondent and also shows that on behalf of respondent, plaintiff advanced rents, freight, money for revenue stamps and other items for the maintenance of a bonded warehouse in the city of Detroit. The evidence shows that these items aggregated the sum of $3,800, which, together with interest of $200, made up the $4,000 consideration for the notes. We are pointed to no evidence to overthrow this showing made by appellant in his brief, which exhaustively treats the evidence. This being true, there is no foundation whatever upon which to justify the judgment in favor of defendant.

Accordingly, it is reversed.

Langdon, J., Curtis, J., Shenk, J., Richards, J., and Seawell, J., concurred.