[Civ. No. 4309. Third Appellate District.—November 5, 1931.]

CALIFORNIA STANDARD FINANCE CORPORATION (a Corporation), Respondent, v. J. D. MILLAR REALTY COMPANY (a Corporation), Appellant.

L. B. Stanton for Appellant.

Rollinson, McGann, Becker & Nelson and Don S. Irwin for Respondent.

THOMPSON (R. L.), J.—This is a rehearing upon an appeal from a judgment on a promissory note in favor of the holder thereof in due course. It is contended the plaintiff took the note subject to all defects of title since the complaint alleges that it was assigned to it and failed to allege the note was indorsed by the payee prior to maturity. It is also asserted the court erred in precluding the appellant from offering proof of plaintiff's alleged knowledge of defect of title to the note for lack of consideration therefor.

The complaint, which was filed April 30, 1928, alleged that on September 27, 1927, for a valuable consideration, the defendant, J. D. Millar Realty Company, a corporation, made and delivered to the defendant, Hollywood Granite Company, Inc., its promissory note in the following words and figures:

"Los Angeles, Cal., Sept. 27, 1927.

"Six months after date, for value received the undersigned promises to pay to the order of Hollywood Granite Company, Inc., a corporation, at West Hollywood National Bank, Los Angeles, Calif., Seven Thousand Five Hundred Dollars, $7500.00, with interest from date until paid, at the rate of 7 per cent per annum, payable quarterly, and if not so paid, the interest shall become a part of the principal and thereafter bear like interest as the principal. Should this note be placed in the hands of an attorney for collection undersigned agrees to pay an additional sum of ten per cent on the principal as attorney's fees, principal and interest payable in gold coin of the United States.

"J. D. MILLAR REALTY COMPANY,
"J. D. MILLAR, President.
"G. T. DOLAN, Secretary.

" (Endorsed)
"HOLLYWOOD GRANITE COMPANY, INC.
"By HY STEBBENS, Pres."

The complaint further alleges that on the same date which the note bears, for a valuable consideration, the payee "duly assigned, transferred and set over to the plaintiff herein all of its right, title and interest in and to said promissory note and plaintiff then became, and is now, the lawful owner and holder thereof".

Separate answers were filed by the respective defendants. Upon information and belief, the appellant's answer controverted the material allegations of the complaint. The due execution of the note was admitted.

At the trial of the cause, the general manager of the plaintiff corporation testified that it purchased the note about October 1, 1927, from the Hollywood Granite Company, paying therefor the sum of $4,000, the balance being represented by a credit due to the plaintiff from the Hollywood Granite Company. The witness testified in that regard: "Q. Did you pay the Hollywood Granite Company for it? A. Yes sir. Q. You are the owner of the note now? A. Yes sir. Q. And has there been anything paid on it? A. No sir. Q. At the time you purchased the note, Mr. Von Schlegell, did you know the people that executed it? A. Yes sir. Q. And did you have any knowledge of any irregularity of any kind in connection with it? A. No sir. Q. You

purchased the note in good faith? A. Yes sir. Q. Who delivered the note to you? A. Mr. Stebbens, president of the Hollywood Granite Company. . . . Q. Just what was done? A. I gave him a check. Q. For how much? A. I gave him a check—I don't remember for how much, I think it was four thousand and some dollars plus credits on other items that they owed us."

Upon this showing, the note was received in evidence over the objection of the appellant that "there is no proof of delivery". The note contained an unqualified indorsement, as follows: "Hollywood Granite Company, Inc. By Hy Stebbens, Pres." ▇ The note was properly admitted in evidence. It was competent as *prima facie* evidence of the delivery of the instrument, the ownership thereof by the plaintiff, and the authority of the president of the corporation payee to indorse it. "Every holder is deemed *prima facie* to be a holder in due course." (Sec. 3140, Civ. Code.)

▇ Under the Negotiable Instruments Act a holder of a negotiable promissory note in due course is one who takes the instrument in good faith for a valuable consideration complete and regular on its face, before maturity, without notice of previous dishonor, and without notice at the time of negotiation of any infirmity in the instrument or defect of title. The phrase "in due course" implies good faith on the part of the holder in acquiring the instrument, and a lack of knowledge of any infirmity which would affect the validity of the instrument. ▇ The holder or owner of a negotiable instrument is presumed to have acquired it in due course. The presumption of ownership and delivery of the instrument duly indorsed arises from its possession. This presumption is, however, rebuttable. (Sec. 3133, Civ. Code; 8 C. J. 465, sec. 684; 1 Joyce on Defenses to Commercial Paper, 2d ed., 874, sec. 645.)

The evidence in the present case is that the plaintiff acquired the note in question for a valuable consideration. The note containing an unqualified indorsement of the corporation named in the instrument as payee thereof, purporting to have been signed by its president, was delivered by him to the plaintiff and offered in evidence as *prima facie* showing of the obligation due to it. The evidence shows it was delivered to the plaintiff for a valuable consideration by "Mr. Stebbens, president of Hollywood Granite Company." It

is contended there was no preliminary evidence that the president was authorized to indorse or deliver the instrument.

The possession of a negotiable note payable to a corporation, and bearing the indorsement of the corporation, unqualified and regular in form, signed by its president or general manager, is *prima facie* evidence of the authority of the officer indorsing the instrument entitling a holder thereof in due course to recover, in the absence of evidence to the contrary. (*Citizens Nat. Bank of Tacoma* v. *Wintler,* 14 Wash. 558 [53 Am. St. Rep. 890, 45 Pac. 38].) In the case last cited, similar to the case at bar, suit was brought by the holder of a promissory note which was indorsed by the general manager of the corporation payee. The answer admitted the execution of the note, but denied it was issued for consideration or duly indorsed by the corporation. Evidence was adduced to the effect that Brown, who indorsed the note, was in fact the general manager of the corporation payee. The court said:

"The possession by a·third person of a negotiable promissory note, payable to a corporation, bearing the indorsement of such corporation, regular in form, and signed by its general manager, is sufficient to raise the presumption that the officer so indorsing it had authority to make the indorsement, and that the person having the possession thereof is the owner of the note. The production in evidence of the note in question, bearing the indorsement as above set forth, coupled with the proof that Brown was the general manager at the time when said note was so introduced and delivered, was sufficient, *prima facie,* to entitle appellant to recover."

The appellant contends there is a fatal variance between the allegation of the complaint with respect to the assignment of the note and the proof of its indorsement; that the note was therefore erroneously admitted in evidence. It is true there is a technical distinction between the transfer of a negotiable instrument by assignment and the negotiation thereof by indorsement. The former may convey the instrument to the holder subject to equities, while the latter is not presumed to be so restricted. (8 C. J. 384, sec. 568.) Both an assignment and an indorsement are evidences of the title to the instrument intended to be transferred thereby. Proof of either an assignment or an indorsement under proper

pleadings would entitle the note to be admitted in evidence. While the complaint alleged an assignment of the note, it also pleaded the execution and transfer of the note by setting it out in full, including the indorsement thereon. The complaint then alleged that for a valuable consideration the Hollywood Granite Company duly assigned, transferred and set over unto the plaintiff all of its right, title and interest in the note, and that the plaintiff thereupon became the owner and holder thereof. This allegation is broad enough in its terms to include a transfer of the note by indorsement.

Moreover, the objection to the introduction of the note in evidence was placed upon the sole ground that "there is no proof of delivery". The objection was not made upon the ground of variance between the allegation of transfer and the proof thereof, nor even upon the ground of incompetency. The note was properly admitted in evidence.

The appellant contends it was erroneously precluded from adducing evidence tending to show the consideration for the note failed because the note was executed in payment of a beneficial interest in securities which were sold in conflict with the Corporate Securities Act of California (Stats. 1917, p. 673), and that the plaintiff was charged with knowledge thereof. (*Imperial Livestock etc. Co.* v. *Tracy,* 208 Cal. 205 [281 Pac. 50].)

Section 12 of that act provides that "Every security issued by any company, without a permit of the commissioner authorizing the same then in effect, shall be void. . . . " Section 2, subdivision 6, of the same act, defines the term "security" to include "All bonds, debentures and evidences of indebtedness issued by any company."

The complaint alleges that the promissory note was given for a valuable consideration. It was also alleged the note was assigned and transferred from the payee to the plaintiff for a valuable consideration. The answer fails to deny the note was originally executed for a valuable consideration. It merely denies "this defendant for a valuable consideration or any consideration at all delivered to the defendant, Hollywood Granite Company, its promissory note." The answer fails to plead a lack of consideration. It does not set up the asserted invalidity of the note on account of the pretended violation of the Corporate Securities Act of California, or otherwise. This is a special defense which should have been

pleaded. The defense respecting the want of consideration was therefore not an issue in the case, and the trial court properly sustained objections to the proffered testimony thereof. Upon rehearing, our attention is called to the authorities which definitely determine this matter of pleading. (*Pastene* v. *Pardini*, 135 Cal. 431 [67 Pac. 681]; *Kruce* v. *Parlier Winery*, 208 Cal. 723 [284 Pac. 671]; *Fierce* v. *Reed*, 106 Cal. App. 673, 677 [289 Pac. 855]; *Flint* v. *Giguiere*, 50 Cal. App. 314, 318 [195 Pac. 85]; 6 Cal. Jur. 209, sec. 138.) The Pastene case first above cited was a suit on a promissory note. The complaint alleged the note was given "for a consideration". The answer merely denied that "Pardini, for a valuable consideration or otherwise", executed or delivered the note. The trial court declared that the only issue which was involved in that case was a question of the due execution of the note, and precluded the defendant from offering evidence of a lack of consideration. This ruling was assigned as error and was sustained on appeal. Mr. Justice Henshaw says:

"As to the second and third contentions, that the defendant was deprived of his defenses of lack of consideration and payment, it is sufficient to say that such defenses are affirmative defenses to be pleaded, and this (the) defendant did not do. He contented himself in his answer with a naked denial of the averments of the complaint, and this, as has been repeatedly held in this and in other code states, is not sufficient to raise either of these issues. ' . . . If there was no consideration, the defendant should have filed an answer setting up a want of it as a defense to the action.' (*Winters* v. *Rush*, 34 Cal. 136.) . . . Defendant has no just cause for complaint that he was excluded by the ruling of the court from offering evidence upon defenses which he had not raised."

Upon the foregoing authorities we are satisfied the appellant in this action may not complain of the exclusion of the offered proof of the want of consideration. This defense was waived by its failure to specially plead a want of consideration.

The judgment is affirmed.

Plummer, J., and Preston, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 5, 1931, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 4, 1932.