[Civ. No. 17275. Second Dist., Div. One. Aug. 18, 1950.]

ARROW FLYING SERVICE, INC. (a Corporation), Appellant, v. UNIVERSAL FLYERS GROUND SCHOOL (a Copartnership) et al., Respondents.

Charles C. Morrison for Appellant.

Jesse A. Hamilton for Respondents.

DRAPEAU, J.—Demurrer to plaintiff's second amended complaint was overruled, defendants filed their answer, and the case was called for trial. Objection was sustained to the introduction of evidence on the ground that the complaint failed to state facts sufficient to constitute a cause of action. From the judgment which followed plaintiff appeals.

The complaint alleges that on March 28, 1947, plaintiff and defendants entered into an agreement by which defendants were to furnish to plaintiff ground school instruction for plaintiff's students; that on August 16, 1947, defendants refused to proceed further under the terms of the contract, and ever since that time have refused to comply with it; that 19 of plaintiff's students required ground school instruction, which defendants refused to give, to the damage of plaintiff in the sum of $205 for each student; that if said students had been so taught plaintiff would have received $196 additional for each of them—all to plaintiff's damage in the sum of $5,463.

At the time the contract was entered into the plaintiff corporation was not in existence. The contract was between Arrow Flying Service, a partnership, and defendants. The corporation was formed 10 or 12 days afterwards; but the parties complied with its terms for a time.

The contract was signed only by one person, Mr. John E. Monroe for the defendants.

The reporter's transcript indicates that the trial judge sustained the demurrer primarily because he felt that on its face it showed lack of mutuality.

The contract reads as follows:

"Arrow Flying Service, herein known as the first party, and Universal Flyers Ground School herein known as the second party, enter into the following agreement:

"The first party agrees to pay the second party 70¢ (seventy cents) per student hour for the number of hours of ground school instruction prescribed by the curriculum of the course in which their students are enrolled.

"The second party shall be the exclusive source for textbooks, supplies and equipment needed in the conduct of the course. The cost of which is not to be included in the above mentioned figure.

"In consideration hereof the second party agrees to maintain and conduct the ground school in accordance with the directives set forth by the approving agencies.

"This contract is to remain in effect for so long as the first party shall be designated an authorized flying school by the Veterans Administration.

28 March, 1947

For Arrow Flying Service _____

For Universal Flyers G/S _____ John E. Monroe

_____ "

The contract speaks for itself. Defendants agree to maintain and conduct a ground school; plaintiff agrees to pay for students enrolled.

A contract is to be interpreted to give effect to the mutual intention of the parties as it existed at the time it was made. (Civ. Code, § 1636.) ■ As was said in *Brawley* v. *Crosby etc. Foundation, Inc.,* 73 Cal.App.2d 103, at page 113 [166 P.2d 392] : "Lack of mutuality is tantamount to want of consideration, and where, as in this case, sufficient consideration is otherwise present, mutuality is not essential. It becomes essential only when its absence would leave a party without a valid or available consideration for his promise."

■ Plaintiff had the right to show that the corporation ratified the contract. (*Smith* v. *Glo-Fire Co.,* 94 Cal.App.2d 154 [210 P.2d 286].)

■ Plaintiff also had the right to show that even though the writing was signed by only one party, it nevertheless represented a valid and subsisting agreement. (Civ. Code, § 3388; *Gelfan* v. *Bessolo & Gualano, Inc.,* 125 Cal.App. 214 [13 P.2d 793].)

The judgment is reversed, and the cause remanded for a new trial.

White, P. J., and Doran, J., concurred.