[Civ. No. 5383.   Fourth Dist.   Apr. 16, 1957.]

CENTRAL CALIFORNIA COMMERCIAL COLLEGE (a Corporation), Respondent, v. RUTH G. SHREWSBURY as Executrix, etc., Appellant.

Claude L. Rowe and Jefferson E. Hahesy for Appellant.

Charles Ray Barrett for Respondent.

GRIFFIN, J.—Plaintiff and respondent corporation brought this action against defendant and appellant Ruth G. Shrewsbury, as executrix of the estate of William C. Shrewsbury, deceased, upon a rejected claim for payment of a promissory note dated June 25, 1949, made and delivered to plaintiff by deceased, during his lifetime.  William C. Shrewsbury, president and manager, and C. S. Bowlby, vice president, as partners, operated the college and later it was incorporated.  Each was issued 500 shares of stock.  One share of common stock

was issued to each of their respective wives for the purpose of their serving as members of the board of trustees of said corporation. The books of the corporation were kept by Mr. Shrewsbury. Checks were signed by him and countersigned by Bowlby in the usual course of business and on occasions each issued notes payable to the corporation and took funds from it rather than raise their salaries, which were fixed by the by-laws. It seems that on occasions these notes became outlawed and were destroyed. ''I.O.U.'s'' were given by each partner as a drawing account and their respective personal accounts were charged with them. About July 15, 1948, the corporation bank account contained over $30,000 in cash. The parties agreed with each other that each would give the corporation a promissory note for $7,500, payable two years from date, at 5 per cent interest. They drew corporation checks for this amount payable to themselves and took the money for personal use, thus spreading the income over future years for tax purposes. A ''Notes Receivable'' account was set up showing a single debit entry of $15,000. The note given by Shrewsbury, when executed, was delivered to Bowlby and he placed it in a locked compartment of the corporation safe inaccessible to Shrewsbury. A similar procedure was followed with respect to the Bowlby note. Shrewsbury died on January 3, 1955. A claim by plaintiff for the unpaid balance due on the note was filed in his estate and rejected. The claimed defenses to this action were (1) that there was no delivery of the note to plaintiff corporation; and (2) that no sum was due on the note because it was fully paid. We see no merit to the first contention. ■ The corporation, as such, had possession of the unpaid note, admittedly signed by Shrewsbury, and the books of the corporation showed the transaction. A sufficient presumption of delivery and ownership arose. (*California Standard Finance Corp.* v. *Millar Realty Co.*, 118 Cal.App. 185 [5 P.2d 41].) Moreover, it was delivered to an officer of the corporation.

■ As to the claim of payment, the burden of proof was upon defendant. (*Roesch* v. *De Mota,* 24 Cal.2d 563 [150 P.2d 422].) It appears that the trial court allowed offset credits, taken from the ledger account of the corporation, under the heading ''Notes Receivable.'' This showed certain credits. One-half of the amount there indicated was $3,373.03, which was allowed on the note of Shrewsbury, leaving a balance due of $4,126.97. Judgment was entered accordingly, plus attorneys' fees, costs and interest.

On a motion for new trial the court found that an additional credit of $1,000 should be allowed defendant, and reduced the judgment to $3,126.97.

The ledger credit accounts are somewhat involved. The premises occupied by the school were owned by Bowlby and his wife and Shrewsbury and his wife as undivided tenants in common, and certain of these credits represented money due them in payment of rentals and for salaries due. One item of $1,000, on June 30th, 1954, was for the agreed value of a lot deeded to this school by Shrewsbury. There is expert testimony of accountants that these items of credit had been established and the court so found upon sufficient evidence.

The item of credit in the sum of $1,000, added on the motion for new trial, arose out of a credit to the account in the sum of $2,000 ($1,000 each) which the court applied in the first judgment as a payment on two similar promissory notes in the sum of $3,500 each, which had been outlawed and which were so considered by the parties at the time the payment was made. The notes had been destroyed by them. The court held this purported payment could and should be reallocated and credited as a payment on the present note. There is sufficient evidence to support this finding.     We are bound by the familiar rule that the appellate court must accept as true all evidence tending to establish as true the correctness of the finding as made. (*Bancroft-Whitney Co.* v. *McHugh,* 166 Cal. 140 [134 P. 1157].)

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied May 9, 1957, and appellant's petition for a hearing by the Supreme Court was denied June 12, 1957.