[Civ. No. 7327.   Fourth Dist.   June 19, 1964.]

FAIRLANE ESTATES, INC., Plaintiff and Respondent, v. CARRICO CONSTRUCTION CO. et al., Defendants and Appellants.

---

*Assigned by Chairman of Judicial Council.

Frank W. Doherty for Defendants and Appellants.

Leonard A. Bock for Plaintiff and Respondent.

COUGHLIN, J.—The plaintiff, a corporation, was the owner of a tract of land; entered into a contract, allegedly with all of the defendants, viz., Carrico Construction Co., a corporation, George Lee Carrico, Lloyd Frimmersdorf, and Lloyd Frimmersdorf & Associates, dba Carrico Construction Co., a California corporation, for the subdivision and improvement thereof; and brought this action to recover damages for a failure to perform. The contract, which is dated December 7, 1960, recites that it is entered into between the plaintiff, as owner, and "Lloyd Frimmersdorf & Associates dba Carrico Construction Co., a California corporation" as "Contractor"; on behalf of the plaintiff is signed by its corporate officers; and, apparently on behalf of the "Contractor" is signed:
"Lloyd  Frimmersdorf  &  Associates
"By (s)  Lloyd  Frimmersdorf."

By this agreement the "Contractor" agreed to do subdivision and improvement work for the sum of $21,000 payable as follows: $500 in cash; $3,800 to be placed in escrow; the transfer of a subdivision lot which the parties agreed to be worth $6,500; and delivery of a second non-interest-bearing note in the sum of $10,200 to be paid at the rate of $400 upon the sale of each subdivision lot.

The court found, among other things, that (1) all of the defendants entered into the contract; (2) that the defendant "Carrico Construction Co., a corporation, was a party to the written contract dated December 7, 1960 entered into on its behalf by its President, Lloyd Frimmersdorf"; (3) that all of the defendants failed to perform any of the terms required of them under the contract, and although, with the exception of the defendant George Lee Carrico, they went through the motions of commencing performance, they did not actually perform, and conferred no benefits upon the plaintiff; (4) that pursuant to the terms of the contract the plaintiff paid the defendants the sum of $1,100; (5) that the reasonable cost of obtaining performance, by another contractor, of the work agreed to be performed by the defendants would exceed the contract price by $6,500; and (6) that the defendant Lloyd Frimmersdorf was the *alter ego* of the "defendants Carrico Construction Co., a California corporation and Lloyd Frimmersdorf & Associates dba Carrico Construction Co., a California corporation, which are solely owned, controlled and dominated by said" defendant, and it would be unjust to the plaintiff "if said corporate entities were to be recognized by this court." Judgment in the sum of $7,600 was entered in favor of the plaintiff against all of the defendants except George Lee Carrico. All of the defendants, except Carrico, have appealed.

Among other contentions, the defendants claim that the subject contract lacks mutuality; that the promises of the plaintiff were unenforcible because only the construction corporation held a contractor's license; that the respective promises of the parties to the contract, therefore, did not impose mutual obligations; and consequently, there was a want of consideration for the defendants' promises. This contention is premised on the rule that in a contract where the consideration therefor consists of mutual promises, and the promise of one party is not enforcible, the obligations imposed thereby are not mutual, and a want of consideration exists. (*Mattei* v. *Hopper*, 51 Cal.2d 119, 122 [330 P.2d 625];)

*Lawrence Block Co.* v. *Palston,* 123 Cal.App.2d 300, 308 [266 P.2d 856]; *Shortell* v. *Evans-Ferguson Corp.,* 98 Cal.App. 650, 659-660 [277 P. 519]; *Hamlin* v. *Barnhart,* 26 Cal.App. 632, 633 [147 P. 1188].) However, we may not consider the merits of this contention because the issue of lack of mutuality is merely one of lack of consideration under particular circumstances (*Black Light Corp.* v. *Ultra-Violet Products, Inc.,* 195 Cal.App.2d 473, 478 [15 Cal.Rptr. 852]; *Arrow Flying Service, Inc.* v. *Universal etc. School,* 99 Cal.App.2d 49, 51 [221 P.2d 231]); lack of consideration for a written contract is not available as a defense unless specially pleaded (*Kruce* v. *Parlier Winery,* 208 Cal. 723, 725 [284 P. 671]; *Pastene* v. *Pardini,* 135 Cal. 431, 433 [67 P. 681]; *Williams* v. *Kinsey,* 74 Cal.App.2d 583, 603 [169 P.2d 487]); and neither the defendants' answer, the pretrial order, nor the court's finding consider this issue.

In a general way, the defendants urge the illegality of the subject contract; allege in their answer that only the construction company was a licensed contractor; and assert the illegality of a construction contract in which a licensed contractor joins with one or more nonlicensed contractors to do construction work for another. The trial court found that all four of the defendants jointly agreed to do the construction work specified in the subject contract. The undisputed evidence establishes that only the construction company had a contractor's license. Under these circumstances, the contract was unenforcible by the contractor, and was of the type declared by the courts to be illegal. (Bus. & Prof. Code, §§ 7028, 7028.5, 7029, 7031; *Lewis & Queen* v. *N. M. Ball Sons,* 48 Cal.2d 141, 149 [308 P.2d 713]; *Loving & Evans* v. *Blick,* 33 Cal.2d 603, 607 [204 P.2d 23].) In response to the charge of illegality, the plaintiff relies upon the principle of law permitting a party to such a contract not *in pari delicto* with the contractor to maintain an action against the latter; directs attention to the rule that a member of the class for whose protection the contractors' licensing laws were enacted generally is not *in pari delicto* with the contractor; and contends that, because it is a member of this class, the illegality of the instant contract did not foreclose the instant action, citing *Lewis & Queen* v. *N. M. Ball Sons, supra,* 48 Cal.2d 141, 153. (See also *Carter* v. *Seaboard Finance Co.,* 33 Cal.2d 564, 574 [203 P.2d 758].) The uncontradicted evidence in the case at bar brings it within the rule applied in *Dias* v. *Houston,* 154 Cal.App.2d 279, 281

[315 P.2d 885]; establishes that the plaintiff was not *in pari delicto* with the defendants; and, assuming the existence of essential factors, authorizes plaintiff's recovery for breach of contract.

In the trial court, as disclosed by the joint pretrial statement and the pretrial order, the defense of the defendant construction company was that it did not execute the subject contract and was not a party thereto. The defense of the defendant Lloyd Frimmersdorf, "an individual, or as doing business under a fictitious name" was that he had been prevented from performing the contract by the plaintiff, and that no damages resulted from the "Defendants" not completing the contract.

The contentions now made by the appealing defendants, other than as heretofore noted, fall within the two general defenses categorically outlined in their pretrial statement.

At this juncture it should be noticed that nowhere in the record is the status of the defendant sued under the name of "Lloyd Frimmersdorf & Associates dba Carrico Construction Co., a California corporation," alleged, discussed, or found, except as appears from the foregoing pretrial statement.

The answer of the defendant "Lloyd Frimmersdorf and Lloyd Frimmersdorf & Associates, doing business as Carrico Construction Company, a California corporation," alleges that "these answering defendants" entered into the subject contract. Our determination of the issues on appeal must take into consideration the foregoing admission.

The defendant construction company contends that it did not execute the contract and, therefore, is not liable thereunder. In support of this position it applies the theory of lack of mutuality, viz., the contract not having been executed by it could not be enforced by it, and, therefore, should not be enforced against it. ▮ Regardless of the theory thus expressed, the issue for determination is whether the evidence supports the finding of the court that the construction company executed the contract. The recital therein identifying the "Contractor" as "Lloyd Frimmersdorf & Associates dba Carrico Construction Co., a California Corporation," was ambiguous in that it could refer to an association of people doing business under a fictitious corporate name, or to people acting for and through an actually existent corporation, or to both an association of people under the name of Lloyd Frimmersdorf & Associates and a corporation named Carrico Construction Co. Because of this ambiguity,

the execution of the contract by Lloyd Frimmersdorf on behalf of "Lloyd Frimmersdorf & Associates" could have been on behalf of an association of people by that name, or on behalf of an association of people acting by and through the corporation referred to in the aforesaid recital, or on behalf of both an association and a corporation. Frimmersdorf was president of the corporation; admittedly was authorized to execute such a contract on its behalf; and testified that the construction company executed the contract and was a party thereto "for all purposes." Under these circumstances, the finding of the trial court in the premises constitutes an interpretation of that part of the contract identifying the parties thereto and, being supported by substantial evidence, is conclusive on appeal. Moreover, the evidence establishes without conflict that the $1,100 paid by the plaintiff pursuant to the contract was delivered to Frimmersdorf and, in turn, was given by him to the corporation. Through Frimmersdorf the corporation knew all of the terms of the contract; acted upon the assumption that it had executed the contract; and accepted the benefits payable under the contract. This constituted a ratification of the contract by the corporation which cured any defect in the execution of the instrument evidencing such. (*Vitagraph, Inc.* v. *Liberty Theatres Co.*, 197 Cal. 694, 696 [242 P. 709]; *Minton* v. *Mitchell*, 89 Cal.App. 361, 370 [265 P. 271]; and cases cited in 17 C. J. S. 746.) The specific finding that the defendant construction company was a party to the contract "entered into on its behalf by its President, Lloyd Frimmersdorf" impliedly includes the aforesaid conclusions. (*Richter* v. *Walker*, 36 Cal.2d 634, 640 [226 P.2d 593].)

In view of the foregoing determination and the admission in the answer of the defendants Lloyd Frimmersdorf and Lloyd Frimmersdorf & Associates, the finding that all of the defendants executed the subject contract must be sustained.

All of the appealing defendants attack the finding that Frimmersdorf was the *alter ego* of the defendant construction company. As pointed out by them, this finding does not purport to establish that the construction company was the *alter ego* of Frimmersdorf. Our attention is not directed to the materiality of the questioned finding and for this reason we need give it no further consideration.

The appealing defendants further claim that they were prevented from completing the contract and, therefore, are not chargeable with any breach thereof. This contention cen-

ters about a provision of the original contract whereby the "Contractor" agreed to post and record a $21,000 construction bond as required by section 1185.1 of the Code of Civil Procedure, prior to commencement of any work of construction. The defendants were unable to obtain such a bond from a surety company because the contract did not provide for payment to them in money. As a consequence, the parties agreed that the provision in question might be stricken. Subsequently, construction work of a preliminary nature was commenced. Thereafter, the plaintiff complained of delay on the part of the defendants; a controversy arose; but eventually the plaintiff notified the defendants of its willingness to complete the contract if they would post a bond as set forth in the contract. No bond was posted, and no further work was undertaken. The defendants claim that they were prevented from completing the contract because of the demand for a bond which they could not furnish, and which was not required because the provision respecting such had been stricken. The plaintiff claims that the action of the parties in striking the bond requirement provision from the contract was ineffective because it constituted a modification thereof without a consideration. The defendants counter with the claim that the plaintiff is estopped to deny that the provision in question had been stricken. The court found adversely to the claims of the defendants and in accord with the claims of the plaintiff. On appeal the defendants contend that these findings are contrary to the evidence. This contention is without merit. ■ A modification of a written contract is not binding unless supported by a consideration. (*Main St. etc. Co.* v. *Los Angeles Traction Co.*, 129 Cal. 301, 305 [61 P. 937].) There is no evidence of a consideration for the instant modification. Neither is there any evidence upon which to base an estoppel to deny the modification. The defendants attack the finding in question upon the ground that the construction work was commenced after and in reliance upon the fact that the plaintiff had agreed to modify the contract by striking the bond requirement from it. ■ However, the defendants were required by the original contract to do whatever work they did. Consequently, their doing this work did not constitute a consideration for a modification of that contract. (*Marinovich* v. *Kilburn*, 153 Cal. 638, 642 [96 P. 303]; *Bailey* v. *Breetwor*, 206 Cal.App.2d 287, 291-292 [23 Cal.Rptr. 740].) Furthermore, the alleged work was of no value to the plaintiff. For

the same reasons, the doing of this work furnished no basis for an estoppel. The defendants also argue that as the contract required the posting of the bond before commencement of work, and as the work already had commenced at the time the plaintiff indicated its willingness to complete the contract if the defendants would post a bond as set forth therein, the plaintiff by this notification, imposed upon the defendants a condition precedent to their completion of the contract with which compliance was impossible and, in effect, constituted a prevention of performance. The fallacy in this argument is that the plaintiff's demand obviously related only to the posting of a bond. of the nature set forth in the contract rather than a posting within the time set forth therein. The further contention that the court erred in failing to make requested specific findings upon this issue also is without merit as we have assumed the facts to be as related by the defendants.

The finding on the issue of damages is attacked upon the ground that it is not sustained by the evidence. The argument in support of this contention goes to the weight of the evidence rather than its sufficiency. By the contract the plaintiff agreed to pay the defendants $21,000 for the work to be performed by the latter. The plaintiff's president testified that the reasonable cost of performing this work at the time of trial was $27,500. There was evidence in refutation of this testimony. However, the determination of the conflict thus produced was a function committed exclusively to the trial court. (*Shields* v. *Shields*, 200 Cal.App.2d 99, 102 [19 Cal.Rptr. 129].)[1] The measure of damages applied by the court on account of the defendants' failure to perform was the difference between the aforesaid amounts, viz., the contract price and the price of completing the work the defendants had agreed to perform. This was proper. (*Wallace* v. *Ah Sam*, 71 Cal. 197, 201 [12 P. 46, 60 Am.Rep. 534]; *Allen* v. *Gardner*, 126 Cal.App.2d 335, 342 [272 P.2d 99].) Although the defendants inferentially contend to the contrary, the plaintiff was entitled to recover damages from them for their breach of the contract even though it had not

---

[1] There was evidence that the plaintiff had received bids for the work in question, made at the time the contract was executed, that were lower in amount than the contract price. However, this evidence, which was produced by interrogatories propounded to the plaintiff, at the most produced a conflict and contrary to the defendants' contention, the court was not required to accept it as determinative of the issue at hand.

completed the work in question. (*County of Los Angeles* v. *Margulis,* 6 Cal.App.2d 57, 60 [44 P.2d 608].)

The defendants also contend that the court erred in accepting the stated contract price of $21,000 as the true contract price, because there was no evidence establishing the value of the lot to be given in part payment. No authority is cited in support of this position. The parties to the contract agreed that the consideration payable to the defendants was $21,000, and the court was entitled to accept this agreement as a premise for its award. The fact that the parties further agreed that payment of a part of this amount should be in kind rather than in money did not require rejection of their agreement that the consideration to be paid was in the amount agreed upon by them. The further fact that a part of the contract price was to be paid in installments, upon the sales of lots, was not a factor minimizing the damage sustained by the plaintiff because of the defendants' breach.

The additional contention of the defendants that the findings do not set forth the terms of the contract is frivolously technical and wholly without merit.

The judgment is affirmed.

Griffin, P. J., and Brown (Gerald), J., concurred.