283 So.2d 55 (1973)
SEA LEDGE PROPERTIES, INC., et al., Appellants,
v.
Richard W. DODGE et al., Appellees.
No. 72-119.
District Court of Appeal of Florida, Fourth District.
July 31, 1973.
Rehearings Denied October 9, 1973.
*56 John R. Young, of Hamilton, James, Merkle & Young, West Palm Beach, for appellants.
John S. Neely, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, and William M. Hoeveler, of Knight, Peters, Hoeveler, Pickle, Niemoeller & Flynn, Miami, for appellees.
DOWNEY, JAMES C., Associate Judge.
This case had its genesis in a construction contract between the plaintiff, Sea Ledge Properties, Inc., and defendant, Richard W. Dodge. The case was tried by a jury and from an adverse result, plaintiffs appeal.
Plaintiff, Sea Ledge Properties, Inc., owner of a parcel of property in Deerfield Beach, entered into a contract with defendant, Richard W. Dodge, for the construction of a high rise condominium apartment building on said property. Dodge, an architect, agreed therein to obtain a construction loan for the project, to secure a contractor who would construct the project on a "lock and key" basis for not exceeding $2,200,000, with a completion date of nine months from date of contract, to complete and obtain all construction documents, and to personally supervise the construction. Dodge, having failed to obtain a contractor who could meet the contract terms, proceeded with the construction of the foundation. When it became apparent that Dodge was not able to obtain a contractor as required by the contract, plaintiffs employed a contractor on a cost plus basis and completed the project at a total cost of approximately $3,200,000.
Plaintiffs then sued defendant in five counts, alleging wrongful imposition of a lien by defendant, negligence, breach of contract by failure to have the project built for $2,200,000, and by failure to properly supervise the construction. Defendants *57 answered the material allegations of the complaint, and affirmatively pled waiver and other defenses not necessary to be enumerated. Defendant, Dodge, further counterclaimed for enforcement of certain liens which he had filed against the plaintiff's property.
We have considered all of the points raised by plaintiffs in their brief, and with one exception find them to be without merit. In their fifth point appellants assign as error the failure of the court to adequately and correctly charge the jury on the proper measure of damages for the breach of contract alleged herein. One of the main thrusts of plaintiffs' complaint is defendant's alleged breach of contract for failure to procure a contractor to construct the improvement for $2,200,000. Though this issue was submitted to the jury for their consideration, and plaintiffs specifically requested an instruction defining the measure of damages the jury should use, the court completely failed to instruct the jury in this regard.
It is of course axiomatic that each party is entitled to have the jury instructed upon his theory of the case. Luster v. Moore, Fla. 1955, 78 So.2d 87; Holdsworth v. Crews, Fla.App. 1961, 129 So.2d 153. But in this case it became doubly important for the jury to be properly instructed on damages in view of the defendants' closing argument. In arguing damages, counsel for defendants went to great lengths to suggest to the jury that plaintiffs should not recover because for aught anyone knew, they made a substantial profit on the building when the individual apartments were sold; that the building was worth $3,200,000 because that is what it cost; that it would be unfair and inequitable for plaintiffs to recover in this suit when the end product was worth that amount; that even though plaintiffs had a building worth $3,200,000, they still wanted their "pound of flesh" from the defendant. This argument which suggests factual matters not in the record and an admeasurement of damages contrary to law demonstrates how critical a proper instruction became.
In their brief defendants contend that even if there is merit in plaintiffs' basic position, it is harmless error at most because the instruction pertains to damages only and the jury found no liability. In some factual settings that argument might be valid, but certainly not here. Without being advised of the proper measure, the jury might well have assumed that if plaintiffs made a profit on the entire project, that should suffice and preclude any recovery. Appellants' suggestion was rejected in the recent case of Cook v. Eney, Fla.App. 1973, 277 So.2d 848, wherein defendant on appeal sought to exculpate himself from the error of improperly introducing collateral source evidence by arguing that because it pertained to damages, and the jury found no liability, the error was harmless. The Court stated:
"Appellee's suggestion that evidence of receipt of collateral benefits would be restricted to the issue of damages, and would not affect the determination of liability, ignores that the evidence was presumably considered without qualification as bearing on a basic fact essential to liability. It cannot be said with any degree of certainty that the jury did not determine that since the appellant was otherwise being taken care of, there should be no recovery against appellee in tort. The admission of evidence of receipt of other benefits may indeed have led the jury to believe that appellant was trying to obtain a double or triple payment for one injury ..."
Without proper instruction the jury in this case could well have envisioned a duplicitous recovery by plaintiffs should they return a verdict for plaintiffs. Of course, whether plaintiffs made a profit or loss on the eventual sale of the condominium apartments was irrelevant. The owner's measure of damages for breach of a construction contract where the contractor *58 fails to complete the improvement in accordance with his contract is the difference between the contract price and the reasonable cost to the owner to complete the improvement in accordance with the contract. McCormick on Damages, Sec. 169; R.K. Cooper Builders, Inc. v. Free-Lock Ceilings, Inc., Fla.App. 1969, 219 So.2d 87; 5 Corbin on Contracts, Sec. 1089; Restatement of Contracts, Sec. 346; Keystone Engineering v. Sutter, 1951, 196 Md. 620, 78 A.2d 191; Magar v. Lifetime, 1958, 187 Pa.Super. 143, 144 A.2d 747; Fairlane Estates, Inc. v. Carrico Construction Co., 1964, 228 Cal. App.2d 65, 39 Cal. Rptr. 35.
In our judgment the trial court committed reversible error in failing to adequately and correctly instruct the jury on the proper measure of damages under one of the theories of plaintiffs' case.
Accordingly, the cause is reversed and remanded for a new trial.
OWEN, C.J., and WALDEN, J., concur.