350 So.2d 1089 (1977)
Richard Lionel SEGUIN and Eleanor Seguin, Husband and Wife, Appellants,
v.
HAUSER MOTOR COMPANY, Hauser Dodge Leasing Corporation, Universal Underwriters Insurance Company, Donald Page and Brooks H. Berrie, Appellees.
No. 76-1928.
District Court of Appeal of Florida, Fourth District.
September 27, 1977.
Rehearing Denied November 9, 1977.
Edgar G. Hamilton, of Hamilton, James, Merkle and Young, West Palm Beach, and William C. Sprott, Palm Beach, for appellants.
Edna L. Caruso, of Montgomery, Lytal, Reiter, Denney & Searcy, West Palm Beach, for appellees.
*1090 PER CURIAM.
Plaintiffs appeal from a final judgment based upon a jury verdict in favor of the defendants, and from the denial of their motion for new trial in a personal injury action. We hold that the trial court erred first in failing to give plaintiffs' additional requested jury instructions, and second by allowing defense counsel to inject into the case his own personal credibility.
On the first issue, it is axiomatic that each party is entitled to have the jury instructed upon his theory of the case. Sea Ledge Properties, Inc. v. Dodge, 283 So.2d 55 (Fla. 4th DCA 1973). Without the requested instructions defining the rights of a lien claimant, the plaintiffs' theory of the case was left partially unexpressed. The requested instruction on vicarious liability should also have been given because it was only on this basis that the defendant Hauser Motor Co. could have been found liable.
On the second issue, it is also axiomatic that the expression by a lawyer of his personal opinion as to the credibility of a witness is not a proper subject for argument to the trier of fact. Florida Bar Code of Professional Responsibility, Canon 7, E.C. 7-24, D.R. 7-106. Defense counsel as part of his closing argument to the jury said:
... I am an officer of the Court. If I lie to you, ladies and gentlemen of the jury, they would take my license away, and the practice of law and justice means too much to me and I tell you this; yes, Mr. Berrie was telling the truth. He told me that. He said, "That fellow, I knew him, he was limping long before this accident occurred. I can't remember which leg it was. He had a limp and they called him, `the Penguin.' I don't know why. I always assumed it was by reason of the limp he had," and that was what the man told me.
This was an expression by defense counsel of his personal opinion as to the credibility of the witness, and was improper. As stated by the Supreme Court in Tampa Transit Lines, Inc. v. Corbin, 62 So.2d 10 (Fla. 1952):
Verdicts rendered by a jury, after having heard such incompetent testimony from an attorney and such highly prejudicial remarks, under the circumstances as shown by this case, cannot be permitted to stand.
We have considered the other two points raised by appellants and find them to be without merit. Reversed and remanded for a new trial.
ALDERMAN, C.J., and DAUKSCH and MOORE, JJ., concur.